PEOPLE v THOMAS

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—IMPEACHMENT—DISCRETION.

Suppression of evidence of a defendant's prior convictions, offered for impeachment purposes, is within the discretion of the trial judge.

2. CRIMINAL LAW—SENTENCING—PENDING CHARGES—PERMISSIBLE CONSIDERATIONS.

A judge when sentencing may consider a charge pending against a defendant as an aid in determining the defendant's character; consideration of a pending charge is not error where there was no showing that the judge used the pending charge in determining the defendant's sentence.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 February 6, 1975, at Lansing. (Docket No. 17812.) Decided February 24, 1975.

Ernest L. Thomas was convicted of assault with intent to do bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Frederick R. Doetsch, Jr.,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 327.
[2] 21 Am Jur 2d, Criminal Law §§ 584, 585.
    Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

*Liss & Liss, P. C.,* for defendant.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. Defendant was found guilty by a jury of assault with intent to do bodily harm less than murder. MCLA 750.84; MSA 28.279.

Defendant claims the trial court erred by refusing to suppress the introduction of defendant's prior convictions for impeachment purposes and considering a pending charge against the defendant at the time of sentencing.

Defense counsel moved to suppress the introduction of defendant's prior convictions: carrying a concealed weapon; felonious assault; and aggravated assault. The Supreme Court in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), held that it was in the discretion of the trial judge to admit or exclude such prior convictions. The court held a hearing on the motion, exercised its discretion, and refused to suppress defendant's prior convictions.

*"The Court:* You don't think credibility is a part of character?

\* \* \*

*"The Court:* Well, one has the right to avail himself of such things as may benefit him. And one might, I would suggest, by the tone of his conduct, find difficulty in making a choice. But I don't think that would be adequate reason for suppressing that kind of information."

The judge did not abuse her discretion.

Defendant also claims the trial court erred by considering pending charges against the defendant

at sentencing. At sentencing the following colloquy took place between the judge and defense counsel:

*"The Court:* Let me say to you I am very impressed with his work record. But I am also terribly, terribly concerned about shooting and cutting people. And that is what I want you to talk to me about, the series of the same kinds of events. We have assault with intent to do great bodily harm less than the crime of murder as a result of a gun, which very easily could have been murder in the first degree. And within the same period, while out on bond, we turn up with a knife, you know to another human body. And that is what I want you to talk to me about.

"I will tell you outright, I am very impressed with Mr. Thomas' work record. But it is this kind of aggravated assaults against a series of other people that concerns me, Mr. Barkai [defense counsel]. And that is what you are going to have to talk to me about.

*"Mr. Barkai:* The only thing I can speak to is the charge on which I represented Mr. Thomas.

*"The Court:* I am saying to you that you asked to see the probation report. I wanted you to know the entire complement of facts that the court was considering. Now, if you have not considered those, it is all right. I just want you to know what I am considering.

\* \* \*

*"Mr. Barkai:* With respect to the assaultive conduct in this case, he maintained a denial of it all.

*"The Court:* He has been convicted, put on probation and sent to jail on account of it. And he denied that. And now we have another case pending of the same nature. We have had a fairly consistent pattern of conduct. As I understand, he has always denied doing it. But there are other witnesses around who apparently have indicated he has. And the court has found him guilty. I don't know whether he has pled guilty. But he certainly has been found guilty on at least four or five other occasions. And, as I say, we have another knife case pending now."

It is quite evident that the sentencing judge knew of the pending charge and did consider it in determining a pattern of conduct:

"We have had a fairly consistent pattern of conduct. * * * . But he certainly has been found guilty on at least four or five other occasions. And, as I say, we have another knife case pending now."

In our opinion the trial judge acted in the spirit of *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), when Justice WILLIAMS stated on page 639:

"The presentence report not only aids the sentencing court in determining punishment, but in bringing relevant information regarding the character and antecedents of the defendant to the attention of the sentencing judge * * * ."

So—in this case, the trial judge utilized the presentence report as an aid in determining the defendant's character. There isn't any showing that the judge used the pending charge in determining the defendant's sentence.

Affirmed.