PEOPLE v BRIGGS

Docket No. 78-3045. Submitted June 11, 1979, at Grand Rapids.—
    Decided January 9, 1980.

Jerome Briggs was charged with assault with intent to do great
    bodily harm less than murder, armed robbery and possession of
    a firearm during the commission of a felony. Defendant entered
    into a plea bargain agreement whereby, in exchange for his
    guilty plea to the armed robbery charge, the assault and
    firearm charges would be dropped, the prosecutor would recom-
    mend that the prison sentence would not exceed 12 to 25 years
    and the prosecutor would not bring a habitual offender charge
    against defendant. Defendant thereafter offered his plea of
    guilty to armed robbery in Calhoun Circuit Court, Creighton R.
    Coleman, J. At the sentencing hearing, the judge advised
    defendant that he had not agreed to the prosecutor's sentence
    recommendation and ultimately sentenced defendant to a
    prison term of from 20 to 40 years. Defendant appeals raising
    four assignments of error, arguing: that the prosecutor had no
    authority to incorporate into the plea bargain an agreement
    not to charge defendant as a habitual offender, that he should
    have been given an opportunity to withdraw his guilty plea
    when the judge decided not to follow the prosecutor's sentence
    recommendation, that error arose out of an in-chambers confer-
    ence between defense counsel and the judge and that he was
    denied his right to allocution prior to sentencing. *Held:*

1. A plea bargain may properly include an agreement by the
    prosecutor not to charge defendant as a habitual offender. No
    error results from the inclusion of such an agreement, particu-
    larly where there is no evidence in the record that the prosecu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
    Right to withdraw guilty plea in state criminal proceedings where
        court refuses to grant concession contemplated by plea bargain.
        66 ALR3d 902.
[2] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 290, 303.
[4] 21 Am Jur 2d, Criminal Law § 530.

tor threatened to charge defendant as a habitual offender if defendant exercised his right to a trial and was convicted.

2. Principles of fairness dictate that the defendant should have been given an opportunity to withdraw his guilty plea upon learning that the judge did not intend to adopt the prosecutor's sentence recommendation. The failure of the trial court to permit defendant the opportunity to withdraw his guilty plea upon informing the defendant that the sentence recommendation by the prosecutor was not going to be followed mandates remand to the circuit court, where the defendant shall be given the opportunity to either affirm or withdraw his guilty plea.

3. A sentencing conference between defense counsel and the sentencing judge is not a critical stage in the criminal proceedings at which defendant has a right to be present.

4. Remand for resentencing is mandated where the record supports the assertion that the defendant was denied his right to allocution prior to sentencing.

Remanded.

1. CRIMINAL LAW — PLEA OF GUILTY — HABITUAL OFFENDERS — GUILTY PLEA AGREEMENT.

A plea bargain between a defendant and the prosecution may properly contain a provision whereby the prosecution agrees not to charge the defendant as a habitual offender.

2. CRIMINAL LAW — PLEA OF GUILTY — AGREEMENT AS TO SENTENCE — WITHDRAWAL OF PLEA — INDUCEMENT OF PLEA.

A criminal defendant must be given the opportunity to withdraw his plea of guilty where the sentencing judge determines that he will not follow the prosecution's sentence recommendation which was part of the plea agreement which induced the guilty plea.

3. CRIMINAL LAW — SENTENCES — SENTENCING CONFERENCE — CRITICAL STAGE.

A criminal defendant need not be present at a conference held between defense counsel and the sentencing judge prior to the sentencing hearing, since such a conference is not a critical stage in the criminal proceedings.

4. CRIMINAL LAW — SENTENCES — RIGHT OF ALLOCUTION — COURT RULES.

Remand for resentencing is mandated where the record supports the assertion that a defendant was denied his right to allocution prior to sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, *Ronald A. Lebeuf,* Chief Assistant Prosecuting Attorney, for the people.

*Dominick Sorise,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Defendant appeals his plea-based conviction of armed robbery, MCL 750.529; MSA 28.797. He was sentenced, on May 31, 1978, to a prison term of 20 to 40 years.

Defendant was originally charged with assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during commission of a felony, MCL 750.227b; MSA 28.424(2). On May 3, 1978, he entered a plea of guilty to the charge of armed robbery in exchange for: (1) dismissal of the assault and firearm charges, (2) the prosecutor's recommendation of a prison sentence not to exceed 12 to 25 years, and (3) the prosecutor's agreement not to bring an habitual offender charge against defendant.

On appeal defendant challenges the prosecutor's authority to incorporate into the plea bargain an agreement not to charge defendant as an habitual offender. We find no error. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978), *People v Roderick Johnson,* 86 Mich App 77; 272 NW2d 200 (1978). Moreover, there is no evidence in ⁸the record that the prosecutor threatened to charge defendant as an habitual offender if he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exercised his right to a trial and was convicted. See *People v John Alexander,* 82 Mich App 486; 266 NW2d 489 (1978).

At the sentencing hearing, the judge advised defendant that he had not agreed to the prosecutor's sentence recommendation. Ultimately the judge chose not to follow the recommendation of a 12 to 25 year sentence and sentenced defendant to a prison term of 20 to 40 years. On appeal defendant contends that he should have been given an opportunity to withdraw his guilty plea when the judge decided not to follow the prosecutor's sentence recommendation. We agree.

We see no significant distinction between the instant situation and a case in which the judge specifically indicates to the defendant at the plea-taking proceeding that he will follow the sentence recommendation only if the presentence report does not convince him otherwise. It has been recommended that, in the latter situation, the judge who ultimately decides not to follow the sentence recommendation shall "call upon the defendant to either affirm or withdraw his plea of guilty". ABA Standards, Pleas of Guilty, § 3.3(b) (Approved Draft, 1968).[1] In both situations, principles of fairness dictate that the defendant be given an opportunity to withdraw his plea upon learning that the sentence recommendation, which played at least a partial role in his decision to forego trial and plead guilty, will not be followed. From the defendant's viewpoint, the degree of perceived unfairness does not hinge on subtle distinctions concerning the precise nature of the judge's conditional concurrence in the plea bargain.[2] We, there-

---

[1] This standard was recently cited with approval in *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979).

[2] We believe the rule enunciated in this case will foster a sentence bargain practice which need not involve the court as one of the

fore, remand this matter to the circuit court, where defendant will be given an opportunity to either affirm or withdraw his guilty plea.[3]

Defendant also maintains on appeal that the sentencing procedure was defective because he was absent from a conference held in chambers, prior to sentencing, between the judge and defense counsel. Defendant cites no authority supporting his contention that a sentence conference between his counsel and the sentencing judge is a critical stage in the criminal proceeding at which he has a right to be present nor are we aware of any authority in support of that contention. We find no error.

Closely connected with this argument is defendant's assertion that he was denied his right of allocution prior to sentencing. GCR 1963, 785.8(2). The record supports that assertion. GCR 1963, 785.9. Therefore, in the event defendant does not choose to withdraw his guilty plea, he shall be resentenced after being given an opportunity to advise the court of any circumstances he feels the court should consider in imposing sentence. *People v Jordan,* 85 Mich App 459; 271 NW2d 275 (1978).

Remanded for proceedings consistent with this opinion. If defendant chooses not to withdraw his guilty plea, he shall be resentenced after his right of allocution is observed.

---

participants in the agreement. Rather the prosecutor will agree to recommend a certain sentence and the defendant will agree to plead with the understanding that the plea can be withdrawn if the court does not accept and follow the recommendation. In our judgment this procedure is far preferable to the often criticized practice of having the court bargain with the defendant as to sentence before the preparation of a presentence report.

[3] Because of our disposition of this issue, we need not determine if reversible error occurred as a result of the judge's failure to inform defendant that he could not be placed on probation. GCR 1963, 785.7(1)(f). See *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977).