PEOPLE v BOOKS

Docket No. 43279. Submitted December 13, 1979, at Detroit.—Decided
February 20, 1980.

George D. Books was convicted, on his plea of guilty, of grand
larceny, Tuscola Circuit Court, Norman A. Baguley, J. The
defendant appeals, alleging that the presentence report consid-
ered by the trial judge prior to sentencing improperly con-
tained hearsay and referred to arrests which did not result in
conviction and for which there is no charge pending and
requesting that the sentence be vacated and that he be resen-
tenced by a different judge. *Held:*

Presentence reports are not governed by the rules of evi-
dence. Hearsay may be included as it is unlikely that an
investigator will have personal knowledge of a defendant's
"antecedents, character and circumstances". So long as the
defendant has an opportunity to challenge the accuracy of the
report and tell the court about any additional facts which
might clarify or explain the information in the report, due
process has been satisfied.

Affirmed.

1. CRIMINAL LAW — PRESENTENCE REPORTS — HEARSAY — STATUTES
— COURT RULES.

Presentence reports are not governed by the rules of evidence;
the report will necessarily contain hearsay for it is unlikely
that the investigator will have personal knowledge of a defen-
dant's "antecedents, character and circumstances"; so long as
the defendant has an opportunity to challenge the accuracy of
the report and tell the court any additional facts which might
clarify or explain the information in the report, due process has
been satisfied (MCL 771.14; MSA 28.1144, GCR 1963, 785.12).

2. CRIMINAL LAW — PRESENTENCE REPORTS — CONTENTS.

A presentence report, in addition to containing a defendant's
prior convictions, other charges pending against the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 303.
[2] 21 Am Jur 2d, Criminal Law § 585.

or dismissed as a result of a plea bargain and juvenile dispositions, may include other arrests or statements that the defendant has admitted, or was engaged in, other crimes; convictions known to be constitutionally invalid cannot be considered.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Artis M. Noel,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Leonard J. Malinowski,* Assistant Attorney General, of counsel), for the people.

*Martin W. Hable,* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J. While on probation for simple larceny, defendant entered a plea of guilty to grand larceny, pursuant to a plea-bargain. MCL 750.356; MSA 28.588. The plea bargain was that two other pending cases involving thefts would be dismissed.

When defendant appeared for sentence the following occurred:

"Mr. House *[defense counsel]:* If the Court please, I have examined the presentence investigation report. And I object to the report, I would move to quash the presentence report and have the case reassigned to another judge for sentencing.

"Would draw the Court's attention to page two, page four, relating to the presentation of arrest records, the comments in the report that Books has many arrests, extensive involvement in drugs, been arrested at least 12 times, though approximately half of those arrests amounted to dismissal, the charges remained open for further investigation.

"Some of these charges go back years and years, '73, '74. And I submit that if he had been arrested and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

charges pending, they wouldn't be pending for a period of four or five years time.

"I object to the comments in page 10, thereafter in the report leading to hearsay information from Genesee County office of Substance Abuse Services, and other hearsay comments in the report.

"I just cannot see how the Court can separate the material that should not be in the report from others. And I feel there is prejudice done to Mr. Books in sentencing. I have nothing further.

"THE COURT: Do you have a case you want to cite in support of your argument?

"MR. HOUSE: No I don't.

"THE COURT: Mr. Books, do you have anything you wish to say?

"DEFENDANT BOOKS: No.

"THE COURT: The Court does take note of the objections that were raised to the matters contained in the presentence investigation report, and the Court does not deem that there is anything in there which is unduly contained therein.

"The Court takes note of the matters that have not reached final disposition, or which have been dismissed as being such, and if they have, they are not evidence of conviction of any crime. Hearsay matters are taken for what they are.

"Mr. Books, I have to agree with the comments of the probation agent who did the report, and that is that you apparently have adopted a life style of stealing. And that you have had an opportunity to prove yourself through the criminal jurisprudence system, and you just won't accept it. Won't accept your responsibilities, and you did not live up to the conditions that were imposed upon you.

"There's nothing here that would indicate that you have changed your attitude at all. The Court determines that you are not a suitable candidate for probation."

The Court then sentenced defendant to a term of not less than three nor more than five years in a

state prison and advised him of his right to appeal as provided in GCR 1963, 785.11.

Defendant appeals requesting that his sentence be vacated and that he be resentenced by a different judge to be furnished a presentence report without hearsay and without reference to arrests as a result of which there was no conviction and there is no charge pending.

His request is denied.

Presentence reports are not governed by the rules of evidence. MRE 1101(b)(3). GCR 1963, 785.12 contemplates that hearsay will be included because it permits nondisclosure of confidential sources. Neither the rule or the statute[1] place limits on the content of the report.

Our Court has said:

"[T]here are no formal limitations on the contents of the presentence report, but there are limitations dictated by due process."

\* \* \*

"We do not believe it would be a wise policy to restrict the sentencing judge to the information admissible in open court alone."[2]

The report will necessarily contain hearsay for it is unlikely that the investigator will have personal knowledge of the defendant's "antecedents, character and circumstances".[3] Information from agencies, including the police, with whom defendant has had contact in the past will be of assistance to the judge in determining the appropriate sentence to fit the individual offender as well as the offense. So long as a defendant has an opportunity to

[1] MCL 771.14; MSA 28.1144.

[2] *People v Lee*, 391 Mich 618, 636-639; 218 NW2d 655 (1974).

[3] See fn 1, *supra*.

challenge the accuracy of the report and tell the court about any additional facts which might clarify or explain the information in the report, due process has been satisfied.

"GCR 1963, 785.12 is consistent with the procedure in other states permitting consideration of any pertinent facts in the presentence report if the defendant has an opportunity to explain or controvert such facts. We are of the conclusion that a reasonable view of *Grimmett,* in the light of *Lee* and *Martin,* is that reference to other criminal activity, for which no conviction has resulted, may be included in the presentence report and considered by the Court, provided the defendant does have the opportunity for refutation provided by GCR 1963, 785.12. This is consistent with the Federal standards of due process set forth in *Williams v New York* * * * and the decisions from other states."[4]

Decisions of other states are collected in Anno: *Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant,* 96 ALR2d 768 and ALR2d Later Case Service for 92-100 ALR2d, 333.

It may be better practice[5] to limit the reported

---

[4] *People v McIntosh,* 62 Mich App 422, 445-446; 234 NW2d 157 (1975). Cases cited in the quotation are *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), *People v Lee,* fn 2, *supra, People v Martin,* 393 Mich 145; 224 NW2d 36 (1974), and *Williams v New York,* 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949).

[5] Department of Corrections Rule 910(1), 1977 AACS R 791.9910, which provides:

"Rule 910. (1) A presentence report shall contain *at least* the following information:

(a) An objective description of the offense, based on all the relevant information acquired by the probation agent during the presentence investigation.

(b) The offender's description of the current offense and the circumstances surrounding it.

(c) *A full description of the prior criminal convictions and juvenile dispositions of the offender.*

(d) *A description and status of all criminal charges pending against the offender at the time of the presentence investigation.*

(e) A personal profile of the offender, including:

previous record to convictions,[6] other charges pending against the defendant or dismissed as a result of the plea bargain,[7] and juvenile dispositions.[8] However, the cases cited above are persuasive authority that the report may also include other arrests or statements that the defendant has admitted, or was engaged in, other crimes. A sentencing judge is capable of disregarding such matters if they are disputed or of conducting a hearing to determine their accuracy, if he deems a hearing to be appropriate.

Moreover, if a judge knows that the presentence report will contain the complete criminal and juvenile record of every offender, the absence of a significant record is of considerable value to a first offender who has not been arrested before. On the

(i) Educational background.

(ii) Employment qualifications, background, and status, including any military record.

(iii) Social history, including family relationships, marital status, personal habits, interests, activities, and residence history.

(iv) Medical history, including a psychiatric or psychological report when available and appropriate or when requested by the sentencing court.

(v) Economic situation.

(vi) *Other information relevant to the offender's character and circumstances.*

(f) A proposed plan, which shall include:

(i) An evaluation of the offender in terms of strengths, weaknesses, abilities, established behavior patterns, and readiness for change.

(ii) Information about resources available, including, but not limited to, treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs relevant to the particular offender's situation.

(iii) A probation plan, as defined in rule 901(g), if probation is a possible disposition.

(g) Recommended disposition, unless prohibited by the sentencing court." (Emphasis added.)

[6] Convictions known to be constitutionally invalid cannot be considered. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

[7] *People v Lee,* fn 2, *supra.*

[8] *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973).

other hand, if the judge knows that only convictions, pending charges and juvenile dispositions are reported, the report may be considered to be less valuable.

In the case before us, neither Mr. Books nor his counsel disputed the "hearsay" information from the Genesee County Office of Substance Abuse, or from others, although they had the opportunity to "explain or controvert"[9] such information. The judge noted that arrests that were dismissed or otherwise did not result in conviction were not "evidence of conviction of any crime". The fact that the defendant was being sentenced for one of three thefts while on probation for another theft was enough for the conclusion that he had adopted a "life style of stealing" and justified the sentence of imprisonment imposed. He was not entitled to the relief he asked for in the trial court and is not entitled to that relief in this court.

Affirmed.

[9] GCR 1963, 785.12.