PEOPLE v McINTOSH

Docket No. 47083. Submitted September 3, 1980, at Grand Rapids.—
Decided November 5, 1980.

Willie C. McIntosh pled guilty in Kent Circuit Court, Woodrow A.
Yared, J., to armed robbery and felony firearm. Prior to sentencing, the judge and defense counsel held an in-chambers
sentencing conference outside the presence of defendant. Defendant appeals, seeking remand for resentencing because of his
absence from that conference. *Held:*

Resentencing is not mandated. There is no need for a criminal defendant to be present at a conference between the judge
and defense counsel prior to the sentencing hearing, such a
conference not being a critical stage in a criminal proceeding.

Affirmed.

T. M. BURNS, J., dissented. He would hold that remand for
resentencing is required, since the in-chambers conference
resulted in a denial to defendant of an opportunity to effectively exercise his right to allocution. He would remand for
resentencing.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCE —
CRITICAL STAGE.

A criminal defendant need not be present at a conference held
between defense counsel and the sentencing judge prior to the
sentencing hearing, since such a conference is not a critical
stage in the criminal proceedings.

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCE —
RIGHT TO ALLOCUTION — COURT RULES.

*Remand for resentencing is mandated where the sentencing judge*
*and defense counsel hold an in-chambers sentencing conference*
*without the presence of defendant, because, by being excluded*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 289, 304.
[2] 21 Am Jur 2d, Criminal Law §§ 271, 304.

*from such a conference, the defendant is denied the opportunity to effectively exercise his right to allocution (GCR 1963, 785.8[2]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant pled guilty to armed robbery and felony firearm, contrary to MCL 750.529; MSA 28.797 and MCL 750.227b; MSA 28.424(2).

On appeal defendant asks this Court to remand his case back to the circuit court for resentencing because defendant was not present in the judge's chambers at a presentencing conference. *People v Briggs,* 94 Mich App 723; 290 NW2d 66 (1980), and *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979), hold contrary to defendant's position.

Affirmed.

T. M. BURNS, J. *(dissenting).* I dissent.

The holding of an in-chambers sentencing conference without the presence of defendant effectively nullified his right to allocution at sentencing. GCR 1963, 785.8(2). Without knowing all of the considerations that go into a sentencing judge's determination of a proper sentence, a defendant cannot be expected to adequately exercise his right to allocute. There is nothing in the record of the instant case that would lead me to believe that the substance of the in-chambers conference between the judge and the defense counsel was ever

related to defendant. Had it come to light during sentencing, either through statements of counsel or questions of the judge, that defendant was informed of all that was said in the in-chambers discussion, I might be less inclined to reverse. Be that as it may, on the instant record I believe that we must reverse.

I fully recognize that my opinion on this matter appears to be the minority one. See *People v Briggs,* 94 Mich App 723, 727; 290 NW2d 66 (1980), *People v Worden,* 91 Mich App 666, 685; 284 NW2d 159 (1979). However, in neither of these two cases was this issue examined at great length or analyzed. Rather, the identical claim made by the defendants in those two cases was summarily dismissed with citation to no authority.

Until the Supreme Court holds to the contrary, and this issue has been ordered briefed for argument before that Court, see *People v Pulley,* 407 Mich 946 (1979), I cannot hold that a defendant, who might be liable to imprisonment for life or for some other great number of years, should not be entitled to participate in a discussion concerning his fate.

I dissent and would reverse.