PEOPLE v DONALDSON

Docket Nos. 45405, 45406. Submitted November 3, 1980, at Lansing.—
Decided December 16, 1980.

Larry Donaldson, Jr., was convicted on his pleas of guilty of
assault with intent to rob while armed and prison escape, Kent
Circuit Court, George V. Boucher, J. Prior to the sentencing
hearing, defense counsel and the trial judge held an in-cham-
bers sentencing conference without the defendant being pres-
ent. Defendant appeals, arguing that resentencing is mandated
by reason of his absence from the sentencing conference. *Held:*

An in-chambers sentencing conference held prior to the
sentencing hearing is not a critical stage of the criminal
proceedings. Accordingly, the absence of the defendant from
such a conference does not mandate resentencing.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCE — CRITI-
CAL STAGE.

An in-chambers sentencing conference between defense counsel
and the trial judge is not a critical stage of a criminal proceed-
ing; accordingly, resentencing is not mandated by reason of a
defendant's absence from such a conference.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and CYNAR, JJ.

PER CURIAM. On March 1, 1979, defendant was

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 289, 303.

convicted on his pleas of guilty of assault with intent to rob while armed, MCL 750.89; MSA 28.284, and prison escape, MCL 750.193; MSA 28.390. On April 4, 1979, he was sentenced to three years, four months to five years imprisonment on the escape conviction and 10 to 25 years imprisonment on the assault conviction, both to commence at the expiration of the term defendant was serving when he escaped. Defendant appeals as of right.

On appeal, defendant argues that he is entitled to resentencing because he was excluded from an in-chambers conference between the court and defendant's attorney prior to his sentencing hearing. Defendant claims that this exclusion deprived him of his constitutional and statutory right to be present at all critical stages of the proceedings.

We find no error. There is no requirement that a defendant be present during an in-chambers discussion with counsel regarding sentencing. *People v Worden,* 91 Mich App 666, 685; 284 NW2d 159 (1979), *People v Dumas,* 102 Mich App 196; 301 NW2d 849 (1980). See also *People v Briggs,* 94 Mich App 723, 727; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980). We note that the Michigan Supreme Court has granted leave and ordered this issue to be briefed in *People v Pulley,* 407 Mich 946 (1979).

Affirmed.