PEOPLE v KING

Docket No. 50363. Submitted January 6, 1981, at Grand Rapids.—
Decided March 5, 1981.

John King pled guilty to escape from prison pursuant to a plea-
bargain agreement which included a prosecutor's sentence
recommendation. Kalamazoo Circuit Court, Robert B. Borsos,
J., decided not to follow the prosecutor's recommendation in
imposing sentence and did not allow defendant the opportunity
to withdraw his plea. Defendant appeals, alleging that the trial
court erred in not allowing him to withdraw his plea, that the
supplementary information was not filed simultaneously with
the underlying felony information, rendering the plea-bargain
illusory, that the habitual offender statute should not apply to
prison escape, and that a community corrections center is not a
prison for purposes of applying the escape statute. *Held:*

1. The trial court properly denied defendant the opportunity
to withdraw his plea. Defendant was specifically informed by
the trial court that the prosecutor's recommendation was not
binding on the court and defendant affirmatively indicated that
he understood.

2. The information charging defendant with the underlying

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 491.5, 505, 506.

Right to withdraw guilty plea in state criminal proceedings where
court refuses to grant concession contemplated by plea bargain.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 490.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19-
22.

Form and sufficiency of allegations as to time, place, or court of
prior offenses or convictions, under habitual criminal act or
statute enhancing punishment for repeated offenses. 80 ALR2d
1196.

[4] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 15,
26.

[5] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1.

. Escape or prison break as affected by means employed. 96 ALR2d
520.

felony and the notice of intent to file a supplemental information were both filed prior to the Supreme Court's ruling that the filings should be simultaneous. Retroactive application of the rule has been held to be necessary only where a defendant has not received notice that the supplemental information would be filed and the lack of notice works to the prejudice of the defendant. Defendant received ample notification of the prosecutor's intent and was not prejudiced by the filing of the supplemental information.

3. Defendant's allegation that the habitual offender statute should not apply to prison escape is without merit.

4. The community corrections center from which defendant escaped is a prsion for purposes of applying the provisions of the escape statute.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS — WITHDRAWAL OF PLEAS.

A defendant in a criminal case should not be permitted to withdraw a plea of guilty after sentencing because the sentencing judge did not impose sentence in accordance with a prosecutor's recommendation pursuant to a plea-bargain agreement where, at the plea-taking proceeding, the sentencing judge specifically informs the defendant that the court is not bound by such recommendations and that the sentence imposed is to be determined by the court and the defendant affirmatively indicates his understanding.

2. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS — WITHDRAWAL OF PLEAS.

A defendant in a criminal case should be given the opportunity to withdraw a guilty plea where the sentencing court by its silence regarding a prosecutor's sentence recommendations pursuant to a plea-bargain agreement allows the defendant by inference to reasonably expect the court's acceptance of the recommendation but the court in fact does not follow the recommendation.

3. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — HABITUAL OFFENDERS — SIMULTANEOUS FILING RULE.

The rule that supplemental informations charging a defendant as an habitual offender should be filed simultaneously with current felony charges should be applied retroactively only where a defendant has not received notice that a supplemental information would be filed and the lack of such notice works to the prejudice of the defendant.

4. CRIMINAL LAW — HABITUAL OFFENDERS — PRISON ESCAPE —
    STATUTES.
      The habitual offender statute may be applied to enhance a
      sentence for prison escape (MCL 750.193, 769.13; MSA 28.390,
      28.1085).

5. CRIMINAL LAW — PRISON ESCAPE — WORDS AND PHRASES —
    STATUTES.
      A community corrections center is a prison for purposes of
      applying the statute against prison escape (MCL 750.193; MSA
      28.390).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Karen L. Reynolds,* Assistant Prosecuting Attorney, for the people.

*Stancati & Marovich, P.C.,* for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. On December 6, 1979, defendant pled guilty to escape from prison in violation of MCL 750.193; MSA 28.390. In exchange for defendant's plea, the prosecutor agreed to dismiss the supplemental information against defendant and to recommend a sentence of one to five years with a further recommendation that one year be the maximum. The prosecutor fulfilled the plea agreement and on January 2, 1980, defendant was sentenced to serve two to five years imprisonment. Defendant appeals as of right.

First, defendant maintains that the trial court erred in not allowing defendant the opportunity to withdraw his plea after the court had decided not to follow the prosecutor's recommendation as to sentencing. We disagree. This precise issue was addressed in *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980). There this Court distinguished

*People v Briggs,* 94 Mich App 723; 290 NW2d 66 (1980), which is relied upon by defendant in the present case. We quote from *Yates* at length:

"Here the trial judge specifically told the defendant that he was not bound by any recommendation of the prosecutor and that defendant's sentence was up to the court. In addition, defendant stated that he understood. Moreover, in *Briggs, supra,* the trial judge was silent as to sentence after hearing that the prosecutor would recommend 12 to 25 years. There the trial judge said nothing. Here the trial judge was specifically clear that he was not bound by any such recommendation. Additionally the defendant stated he understood.

"In our opinion a defendant's reasonable expectation as to sentence can come only from the court. While such an expectation might properly be inferred by the trial court's silence, as it was in *Briggs,* such is not the situation here. We are in full accord with Judge Cynar's concurring opinion in *People v Hagewood,* 88 Mich App 35, 39; 276 NW2d 585 (1979), wherein he stated:

" 'it appears the judge in such a situation should inform the defendant that the recommendation is not binding. In this way, a defendant knows the precise extent of the benefit received in the bargain.'

"This is precisely what the trial judge did in the case at bar." *Yates, supra,* 398-399.

See also *People v Armstrong,* 99 Mich App 137, 140; 297 NW2d 637 (1980).

We also take this opportunity to note that defendant's reliance upon ABA Project on Standards for Criminal Justice, Standards Relating to the Administration of Criminal Justice (hereinafter ABA Standards), Pleas of Guilty, § 3.3(b) (1968), and the corresponding ABA Standards, Function of the Trial Judge, § 4.1(c), is no longer valid. The ABA approved of new standards on February 12, 1979, which deleted ABA Standards, Function of the

Trial Judge, § 4.1(c) and revised ABA Standards, Pleas of Guilty, § 3.3(b). The new ABA Standards, Pleas of Guilty, § 14-3.3(g) reads as follows:

"In cases where defendant offers to plead guilty and the judge decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, the judge shall so advise the defendant and permit withdrawal of the tender of the plea. In cases where a defendant pleads guilty pursuant to a plea agreement and the court, following entry of the plea, decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea shall be allowed if:

"(i) prior to entry of the plea the judge concurs, whether tentatively or fully, in the proposed charge or sentence concessions; or

"(ii) the guilty plea is entered upon the express condition, approved by the judge, that the plea can be withdrawn if the charge or sentence concessions are subsequently rejected by the court.

"In all other cases where a defendant pleads guilty pursuant to a plea agreement and the judge decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea may be permitted in the discretion of the judge."

This new standard departs substantially from the old standard. The new standard mandates the opportunity for withdrawal of a plea only when (1) the trial judge concurs, either tentatively or fully, in the proposed charge or sentence concession and the proposed charge or sentence concessions are subsequently rejected by the court, or (2) the guilty plea is entered upon the express condition, approved by the judge, that the plea can be withdrawn if the charge or sentence concessions are subsequently rejected by the court. Both *Briggs* and *Yates* are correct under the new standard. In

*Briggs,* the trial court's silence could have been deemed tentative acceptance of the prosecutor's recommendation. Thus, the correct result is reached by mandating that the defendant be given the opportunity to withdraw his plea. In *Yates,* as in the present case, the trial court specifically informed the defendant that the recommendation was not binding on the court. Both the defendant in *Yates* and in the present case affirmatively indicated that they understood this. Therefore, the correct result was reached in that the new standard allows withdrawal of the plea only within the discretion of the trial court.[1]

Defendant next maintains that the filing of the supplemental information violated the holding of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), and that, therefore, the plea bargain was illusory. *Fountain,* which was decided on August 28, 1979, stated that to avoid the appearance of impropriety the supplemental information should be filed with the information charging the underlying felony. In the present case, the information charging defendant with the underlying felony and a notice of intent to file a supplemental information were both filed on July 30, 1979, prior to *Fountain.* The supplemental information[2] itself

[1] FR Crim P 11(e)(2) states that:

"If the agreement is of the type specified in subdivision (e)(1)(B) [government recommends a sentence to the court], the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea."

[2] While we refer to the document as a supplemental information, it of necessity cannot be a true information since it does not contain the date of conviction and the precise charge. When the plea negotiations are completed, only then do we really know the precise charge to which the defendant pled guilty. That charge may be the original charge, a lesser included offense or a cognate offense. Additionally, the date of conviction is only ascertained after the plea is accepted. Due process requires that a supplemental information contain the dates of convictions and the precise charges in order that the defen-

was not filed until September 17, 1979, after the *Fountain* decision but well prior to defendant's plea. It has been held that *Fountain:*

"will be retroactively applied only where a defendant has not received notice that a supplemental information would be filed and that lack of such notice works to the prejudice of the defendant." *People v Taylor,* 99 Mich App 613, 617; 299 NW2d 9 (1980).

Applying that ruling to the case at bar, it is clear that defendant received ample notification of the prosecutor's intent to file a supplemental information. In fact, the notice of intent to file a supplemental information was filed along with the original information. Defendant was not prejudiced by the filing of the supplemental information after the *Fountain* decision but prior to his plea. *Taylor, supra.* See also *People v Haywood,* 97 Mich App 621, 624; 296 NW2d 127 (1980), *People v Westbrook,* 102 Mich App 296; 301 NW2d 511 (1980).

Defendant's argument that the habitual offender statute should not apply to prison escape is without merit. *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980).

Lastly, a community corrections center is a prison for purposes of the escape statute under which defendant was convicted. *People v Shirley Johnson,* 96 Mich App 84, 86; 292 NW2d 489 (1980), *People v Mayes,* 95 Mich App 188; 290 NW2d 119 (1980).

Affirmed.

---

dant might be properly apprised of the charge he or she is facing as an habitual offender.