PEOPLE v GASCO

Docket No. 49124. Submitted January 5, 1981, at Grand Rapids.— Decided March 16, 1981.

Leonard E. Gasco, charged with breaking and entering an occupied dwelling, was found to be guilty but mentally ill by a jury in Kent Circuit Court. Defendant was sentenced to 10 to 15 years in prison, George V. Boucher, J. Defendant appeals, contending that his exclusion from an in-chambers presentence conference between defense counsel and the trial judge requires remand for resentencing. *Held:*

Exclusion of the defendant from an in-chambers presentence conference between the trial judge and defense counsel does not require remand for resentencing because: 1) there is no express requirement that the defendant be present at such conferences; 2) defendant's *right of allocution under the court rules was* enforced, and no more is required; 3) there is no authority in support of the argument that such a conference is a critical stage of the criminal proceedings; and 4) until the Supreme Court holds otherwise, the prevailing view of the Court of Appeals will control.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCE — EXCLUSION OF DEFENDANT — COURT RULES.

Exclusion of a defendant from an in-chambers presentencing conference between the trial court and defense counsel does not require reversal or remand for resentencing where the defendant's right of allocution under the court rules has been enforced because: 1) there is no express requirement that a defendant be present at such conference; 2) there is no authority to support the contention that such a conference is a critical stage of the criminal proceedings; and 3) the Supreme Court has not held otherwise (GCR 1963, 785.8[2]).

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d, Criminal Law §§ 289, 307, 530.

Exclusion or absence of defendant, sending trial of criminal case, from courtroom or from conference between court and attorneys, during argument on question of law. 85 ALR2d 1111.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury which found him to be guilty of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, but mentally ill. MCL 768.36(1); MSA 28.1059(1). He was sentenced to 10 to 15 years imprisonment and appeals as of right.

The sole issue raised on appeal asserts that defendant's exclusion from an in-chambers presentence conference between defense counsel and the trial judge requires remand for resentencing.

In 16 published and unpublished opinions released since August, 1979, this Court has declined to reverse or remand for resentencing because the defendant was excluded from an in-chambers presentence conference.[1] Fifteen of the 16 judges who have been elected to the Court of Appeals and who

---

[1] See, *People v Worden,* 91 Mich App 666, 685; 284 NW2d 159 (1979), *People v Briggs,* 94 Mich App 723, 727; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), *People v McIntosh,* 101 Mich App 422; 300 NW2d 584 (1980) (T. M. BURNS, J. dissenting), *People v Dumas,* 102 Mich App 196; 301 NW2d 849 (1980), *People v Donaldson,* 102 Mich App 552; 302 NW2d 229 (1980), *People v Perkins* (Docket No. 47191, decided January 30, 1981 [unreported]), *People v Cobb* (Docket No. 48436, decided January 13, 1981 [unreported]), *People v Smith* (Docket No. 48404, decided February 12, 1981 [unreported]), *People v Reeves* (Docket No. 49693, decided February 12, 1981 [unreported]), *People v Palazzolo* (Docket No. 48514, decided February 12, 1981 [unreported]), *People v Weber* (Docket No. 49694, decided January 30, 1981 [unreported]), *People v Patterson* (Docket No. 47254, decided January 26, 1981 [unreported]), *People v Welti* (Docket No. 48791, decided February 12, 1981 [unreported]), *People v McClurkin* (Docket No. 49965, decided February 13, 1981 [unreported]), *People v Decker*

have voted on the issue have joined in this position. In the main, the defendants' arguments were rejected because (1) there is no express requirement that a defendant be present at such conferences; (2) defendants' right of allocution under GCR 1963, 785.8(2), was enforced, and no more is required; (3) there is no authority in support of the argument that such a conference is a "critical stage" of the criminal proceedings; and (4) until the Michigan Supreme Court decides *People v Pulley,* (Docket No. 78-2410, decided January 23, 1979 [unreported]), *lv gtd* 407 Mich 946 (1979), the prevailing view in this Court must control.

Our review of the cited opinions persuades us that defendant's assertion of error in the instant case must also be rejected. *People v Worden,* 91 Mich App 666, 685; 284 NW2d 159 (1979), *People v Briggs,* 94 Mich App 723, 727; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), *People v McIntosh,* 101 Mich App 422; 300 NW2d 584 (1980) (T. M. BURNS, J., dissenting), *People v Dumas,* 102 Mich App 196; 301 NW2d 849 (1980), and *People v Donaldson,* 102 Mich App 552; 302 NW2d 229 (1980).

Our conclusion on this issue is further premised on the following considerations. Defendant argues that the presentence conference is a critical stage of the criminal proceeding: The conference is "a stage where substantial rights may be affected and where his presence relates to the opportunity to defend against the charge". This statement is not entirely correct, given that the charge against the defendant has already been decided and there is nothing in that regard against which to defend.

(Docket No. 49695, decided February 11, 1981 [unreported]), and *People v Huddleston* (Docket No. 49966, decided February 11, 1981 [unreported]).

In the abstract, almost any part of the criminal proceeding might arguably be termed a critical stage. Oral argument before an appellate court might be so labeled. However, the attorney alone approaches the appellate court, and the same defense representative has traditionally appeared without defendant at the presentence conference. This procedure is not vulnerable per se to allegations of prejudice as defense counsel has no reason to attend such proceedings but for the purpose of zealously representing the defendant's interests.

Affirmed.