PEOPLE v MATZAT

Docket No. 45706. Submitted February 11, 1981, at Detroit.—Decided
June 5, 1981.

Carl A. Matzat pled guilty to second-degree murder, Kent Circuit
Court, John T. Letts, J. He appeals, alleging that he was denied
his right to allocution as a result of two presentence confer-
ences between the sentencing court and defense counsel having
been held outside his presence and because neither he nor his
attorney were informed of a supplement to his presentence
report which had been given to the court prior to sentencing.
*Held:*

1. Defendant was not denied his right to allocution because of
the presentence conferences. Such conferences are not critical
stages of proceedings which require a defendant's presence. In
addition, the record reveals that both defendant and his coun-
sel were given an opportunity to address the court prior to
sentencing.

2. Defendant was denied an opportunity to inspect his presen-
tence report prior to sentencing because he was not informed of
the existence of the supplement to the report and the sentenc-
ing court did not explain any basis for the exclusion of the
supplement. The case is remanded for the preparation of an
updated presentence report, inspection of and response to the
report by defendant, and resentencing.

Remanded for resentencing.

T. M. BURNS, J., concurred. He would note that a criminal
defendant should be present at a presentence conference unless
he states on the record that he waives his right to be present.
Absent such waiver, his exclusion should constitute error. He

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 922.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 596, 597.
  Defendant's right to disclosure of presentence reports. 40 ALR3d
  681.

[4] 21 Am Jur 2d, Criminal Law §§ 531, 532.
  Necessity and sufficiency of question to defendant as to whether he
  has anything to say why sentence should not be pronounced
  against him. 96 ALR2d 1292.

would hold that on remand no in-chambers conference should be held without defendant being present unless he waives his right to be present on the record.

## OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCES.

A sentencing conference between a trial judge and a defense counsel is not a critical stage of proceedings which requires a defendant's presence; the presence of the defense counsel at such a conference prevents the trial court from obtaining information about the defendant not equally available to the defense counsel.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — COURT RULES.

A sentencing court must divulge the contents of a presentence report to a defendant or his counsel and to the prosecuting attorney and afford each side a full opportunity to contest or explain the factual assertions contained in the report, and where the court deems it advisable to exclude certain factual, opinion, or diagnostic information in the report from disclosure an explanation of the basis for the exclusion must be provided on the record (GCR 1963, 785.12).

3. CRIMINAL LAW — APPEAL — SENTENCING — PRESENTENCE REPORTS.

Failure of a sentencing court to permit a defendant or his counsel to inspect the defendant's presentence report including any supplements or to explain on the record the basis for the exclusion of any portions of the report requires a remand, following appeal, for the preparation of a new, updated, presentence report, an opportunity for the defendant to respond to the contents of the report, and resentencing.

## CONCURRENCE BY T. M. BURNS, J.

4. CRIMINAL LAW — SENTENCING — SENTENCING CONFERENCES — RIGHT OF ALLOCUTION.

*A criminal defendant cannot exercise adequately his right to allocution unless he is made aware of all factors deemed pertinent by the sentencing court; where defense counsel believes he better can represent his client's interests at a private conference with the court, he should have his client waive his right to be present at such conferences on the record; exclusion of a defendant otherwise from an in-chambers sentencing conference constitutes error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant, Carl Albert Matzat, appeals as of right from his plea-based conviction and subsequent 20- to 40-year prison sentence for second-degree murder. MCL 750.317; MSA 28.549. On appeal, defendant raises two issues in support of his claim for a remand for resentencing.

Defendant first alleges that two presentence conferences between the sentencing judge and defense counsel, at which the defendant was not present, denied the defendant his right to allocution. GCR 1963, 785.8(2).

This Court has held in several cases that a sentencing conference between the trial judge and defense counsel is not a critical stage of the proceedings, requiring a defendant's presence. *People v McIntosh,* 101 Mich App 422; 300 NW2d 584 (1980), *People v Briggs,* 94 Mich App 723; 290 NW2d 66 (1980), *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979). Also, defense counsel's presence at the conference prevented the trial court from obtaining "information about [the] defendant, not equally available to the defendant's counsel * * *". *People v Oliver,* 90 Mich App 144, 149; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857 (1979). Finally, our review of the sentencing transcript reveals that both defendant and his attorney were "given the opportunity to address the court before sentencing". *People v*

*Berry,* 409 Mich 774, 779; 298 NW2d 434 (1980), GCR 1963, 785.8(2), 785.9. The defendant's claim that he was denied his right to allocution prior to sentencing is thus without merit.

The defendant next argues that he was denied his right to allocution because neither the defendant nor his attorney were informed of a supplement to the presentence report given to the lower court prior to sentencing. The disputed memorandum recommended that the defendant be sentenced to a term of imprisonment of from 10 to 20 years.

The disclosure of presentence reports and the right of a defendant to controvert factual matters therein is governed by GCR 1963, 785.12, which provides:

"Disclosure of Presentence Reports. The sentencing court shall permit the defendant's attorney, or if the defendant is not represented by counsel, the defendant, to inspect the presentence report. The prosecution must also be shown the report. Both parties must be given an opportunity at the time of sentencing to explain or controvert any factual representations in the presentence report. The court may except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality. When a part of the report is not disclosed, the court shall state on the record the reasons for its action and inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure is subject to appellate review. The defendant's attorney on appeal has the right to inspect the presentence report at the county probation department or under the supervision of the Department of Corrections, at the attorney's option."

A cursory reading of the above rule discloses three essential rules regarding presentence report disclosure prior to appeal.[1] Initially, the sentencing court must divulge the contents of the report to the defendant or defense counsel, as well as to the prosecuting attorney. Each side must then be afforded a full opportunity to contest or explain factual assertions contained in the report. Finally, if the sentencing judge deems it advisable to exclude certain factual, opinion, or diagnostic information in the report from disclosure, an explanation of the basis for the exclusion must be provided.

We cannot conclude that defendant was permitted his full right "to inspect the presentence report" in the instant case. The court rule above does not limit the defendant's right of inspection only to those portions of the report available on the day of sentencing. Rather, the defendant's right of inspection extends to the entire report, with the single exception of those matters properly deleted under the court rule.

We hold, therefore, that the defendant herein was denied his right to inspect his presentence report prior to the imposition of sentence. The defendant's case is thus remanded for a new sentencing at which an updated presentence report will be prepared and the defendant will be permitted to inspect and respond to its contents.

Remanded for a resentencing.

---

[1] We note Department of Corrections Rule 910(1), 1977 AACS R 791.9910, which provides:

"Rule 910. (1) A presentence report shall contain at least the following information:

\* \* \*

"(g) Recommended disposition, unless prohibited by the sentencing court."

See also *People v Books,* 95 Mich App 500, 504-505, fn 5; 291 NW2d 94 (1980).

T. M. BURNS, J. *(concurring).* I concur in the result reached by the majority and write separately only to reaffirm my belief that it is error to excuse a defendant from an in-chambers sentencing conference between his counsel and the judge. See *People v McIntosh,* 101 Mich App 422, 423; 300 NW2d 584 (1980) (T. M. BURNS, J., dissenting). A criminal defendant cannot exercise adequately his right to allocute unless he is made aware of all factors deemed by the sentencing judge to be pertinent. If a defendant's counsel believes that he better can represent the interests of his client at a private conference with the judge, then he only need get his client to state on the record that he waives his right to be present at the conference.

Therefore, in addition to the remedy granted by the majority opinion, I would hold that on remand no in-chambers conference should be held in the absence of defendant unless he waives on the record his right to be present.