PEOPLE v HIGH

Docket No. 57375. Submitted January 5, 1982, at Lansing.—Decided April 7, 1982.

Toney High was convicted, on his plea of nolo contendere, of possession with intent to deliver a controlled substance in the Saginaw Circuit Court, Fred J. Borchard, J. Defendant appealed, alleging that he should have been permitted to withdraw his plea when the trial court chose not to follow the prosecutor's sentence recommendation. *Held:*

Defendant should have been allowed to withdraw his plea.

Reversed and remanded.

BEASLEY, J., dissented. Under the circumstances of this case, he would not impose an affirmative duty on the trial judge to inform a defendant before sentencing that he is not going to follow the prosecutor's sentence recommendation and that, therefore, defendant may withdraw his guilty plea.

OPINION OF THE COURT

1. CRIMINAL LAW — PLEA-BARGAINING AGREEMENTS — WITHDRAWAL OF PLEA.

A criminal defendant must be given the opportunity to withdraw his plea where the sentencing judge determines that he will not follow a sentence recommendation of the prosecution which was made a part of the plea-bargaining agreement; the rule applies to both pleas of guilty and pleas of nolo contendere.

DISSENT BY BEASLEY, J.

2. CRIMINAL LAW — PLEA-BARGAINING AGREEMENTS — WITHDRAWAL OF PLEA.

*A criminal defendant need not be given the opportunity to*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 481, 501.

Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

Withdrawal of guilty plea before sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 666.

*withdraw his plea where the sentencing judge determines that he will not follow a sentence recommendation of the prosecution which was made a part of the plea-bargaining agreement.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Annette M. Olejarz,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

M. F. CAVANAGH, P.J. Defendant pled nolo contendere to the offense of possession with intent to deliver a controlled substance, marijuana, contrary to MCL 333.7401(1); MSA 14.15(7401). He was sentenced to a term in the Saginaw County jail for a period of one year, with credit given for 28 days already served in jail on the charge. Defendant moved for peremptory reversal. This Court denied the motion but held that defendant should be given 42 days credit against his sentence for the time he spent in custody at the Forensic Center prior to sentencing.

Defendant's remaining issue on appeal is whether the trial court erred by not offering defendant a chance to withdraw his plea of nolo contendere when the trial court chose not to follow the prosecutor's sentence recommendation. Although defendant indicated that he had freely and voluntarily pled nolo contendere, defendant argues that prior to sentencing the trial judge must inform defendant that the prosecutor's recommended sentence will not be followed so that defendant may have an opportunity to withdraw his plea.

The law is clear that the authority to pronounce

sentence is within the exclusive province of the judiciary. *People v White,* 41 Mich App 370, 379; 200 NW2d 326 (1972), *aff'd* 390 Mich 245, 259-260, fn 9; 212 NW2d 222 (1973). Therefore, neither the prosecution nor the defendant can bind the court with a sentence bargain. However, in *People v Briggs,* 94 Mich App 723, 726-727; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), this Court held that a defendant must be given an opportunity to withdraw his guilty plea when the judge decides not to follow the prosecutor's sentence recommendation. This Court stated:

"[P]rinciples of fairness dictate that the defendant be given an opportunity to withdraw his plea upon learning that the sentence recommendation, which played at least a partial role in his decision to forego trial and plead guilty, will not be followed." 94 Mich App 723, 726.

Although *Briggs* concerned a defendant's guilty plea, we see no significant distinction between the opportunity to withdraw a guilty plea and the opportunity to withdraw a plea of nolo contendere. There has been some disagreement between panels of this Court as to whether the trial judge must inform the defendant merely that the prosecutor's sentence recommendation is not binding on the court or whether the defendant must be informed that the trial judge has decided not to impose the sentence recommended by the prosecution. See also *People v Shovan,* 112 Mich App 438; 316 NW2d 449 (1982), *People v Black,* 103 Mich App 109, 112-113; 302 NW2d 612 (1981), *People v Armstrong,* 99 Mich App 137, 138-140; 297 NW2d 637 (1980), *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979). We note that in the instant case the defendant was neither informed that the pros-

ecutor's sentence recommendation was not binding on the court nor that the court would not follow it. We believe the better view was the one expressed by this Court in *People v Black:*

"If the trial court knows that it is not going to impose the sentence recommended by the prosecutor, defendant should be given the chance to withdraw his plea with the benefit of this information. There exists no good reason why a trial court should be coy with a defendant concerning whether it will or will not impose the sentence recommended." (Citation omitted.) 103 Mich App 109, 114.

We find the trial judge erred in not apprising the defendant of the fact that he was not going to follow the prosecutor's recommendation of probation. Defendant should have been given this information and then had the opportunity to either affirm or withdraw his plea of nolo contendere.

Reversed and remanded.

BRONSON, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

The majority would impose an affirmative obligation on the trial judge to tell a defendant before sentence that he is not going to follow the prosecutor's sentence recommendation and that, therefore, defendant may withdraw his plea. In my opinion, this added requirement is unrealistic. Of course, defendant and his counsel knew and discussed the fact that the prosecutor's recommendation was not binding on the judge. The presentence review and report of the probation department occurs *after* the plea.

In this case, at the plea-taking, the trial judge said:

"*The Court:* Do you understand that you are entering a plea of nolo contendere to a felony, and the maximum penalty is four years in the state prison?

"*Defendant:* Yes. * * *

"*The Court:* The Prosecutor and your attorney have indicated that the tendered plea is a result of an agreement between you, the Prosecutor and your attorney. They have indicated that upon sentencing for the possession with intent to deliver a controlled substance, marijuana, that they would both recommend psychiatric counseling, and that psychiatric counseling continue.

"Do you understand that?

"*Defendant:* Yes."

At the time of sentence and before sentence was imposed, the following occurred:

"*The Court:* Is there anything further you want to add at this time?

"*Defendant:* No. There's just that I—I wanted to be admitted to the Ypsilanti State Hospital, as quick as possible to get medical attention."

Under these circumstances, I would affirm.