Per Curiam.
 

 Defendant was convicted, following his plea of guilty, of delivery of less than 50 grams of cocaine in violation of MCL 333.7401; MSA 14.15(7401). He was sentenced to a term of from 7 to 20 years in prison. Defendant appeals his conviction as of right.
 

 Defendant first contends that the Legislature’s classification of cocaine as a narcotic drug in the controlled substances act, MCL 333.7101
 
 et seq.;
 
 MSA 14.15(7101)
 
 et seq.,
 
 is unconstitutional as violative of the Equal Protection and Due Process Clauses of the United States and Michigan Constitutions. US Const, Am XIV; Const 1963, art 1, §§ 2, 17. For the reasons stated in
 
 People v Kaigler,
 
 116 Mich App 567; 323 NW2d 486 (1982), we reject defendant’s contention.
 

 We also reject defendant’s claim that the penalty provision for a conviction under the act constitutes cruel and unusual punishment.
 
 People v Campbell,
 
 115 Mich App 369; 320 NW2d 381 (1982);
 
 People v McCarty,
 
 113 Mich App 464; 317 NW2d 659 (1982);
 
 People v DeLeon,
 
 110 Mich App 320; 313 NW2d 110 (1981);
 
 People v Tanksley,
 
 103 Mich App 268; 303 NW2d 200 (1981).
 

 Defendant next complains that the trial court’s failure to inform him of the sentencing consequences of proposal "B”, MCL 791.233b; MSA
 
 *416
 
 28.2303(3), mandates reversal of his conviction. The Supreme Court’s decision in
 
 People v Johnson,
 
 413 Mich 487; 320 NW2d 876 (1982), disposes of this issue.
 

 Defendant also claims that the trial court failed to inform him of the maximum sentence which could be imposed as required by GCR 1963, 785.7(l)(b). The rule requires the trial court to tell defendant "the maximum possible prison sentence for the offense”. In this case, the trial court specifically informed defendant that if he were to plead guilty he could receive a maximum sentence of 20 years in prison. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant claims that the trial court should have additionally informed him that if a prison sentence were imposed, the indeterminate sentence act, MCL 769.8; MSA 28.1080, required the court to impose 20 years as the maximum sentence. We find this contention to be without merit. The court rule imposes no such requirement. In
 
 Guilty Plea
 
 Cases, 395 Mich 96, 118; 235 NW2d 132 (1975), the Supreme Court stated the following:
 

 "The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences [sentencing].” See also
 
 Johnson, supra.
 

 Defendant also raises two issues with respect to sentencing. He first complains that the sentencing court erred by considering other criminal activities in which defendant had been previously involved which did not result in conviction. Since defendant does not complain that the information was inaccurate, and since he was given the opportunity to
 
 *417
 
 respond to the sentencing report, consideration of such activities was not improper.
 
 People v Books,
 
 95 Mich App 500; 291 NW2d 94 (1980);
 
 People v Andre Alexander,
 
 112 Mich App 74; 314 NW2d 801 (1981).
 

 The other issue defendant raises with respect to sentencing is that resentencing is required because the presentence report given to defendant and to his attorney contained a different sentencing recommendation than did the report which was presented to the sentencing judge. We agree.
 

 It appears that the presentence report given to defendant contained a recommendation that defendant be sentenced to one year in jail. Defendant’s trial counsel asked the court to follow that recommendation. However, it appears that after the report was prepared, the probation department changed the recommendation to recommend that defendant be sentenced to seven years imprisonment. A copy of the amended report was given to the trial court. However, neither defendant nor his attorney were informed of the change.
 

 Although the decision to change the sentencing recommendation was not objectionable, the sentencing court’s failure to advise defendant or his attorney of that change constitutes error. GCR 1963, 785.12; MCL 771.14; MSA 28.1144. Furthermore, since it is clear that defendant’s attorney based his tactics at sentencing on the recommendation contained in the report with which he was presented, the error cannot be deemed harmless and resentencing is required.
 
 People v Matzat,
 
 108 Mich App 327; 310 NW2d 231 (1981).
 

 Defendant’s conviction is affirmed. His sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.