PEOPLE v MOORE

1. CRIMINAL LAW—SENTENCING—JUDGES—DISCRETION.

A trial judge has considerable discretion regarding what may be used to inform his decision when sentencing a defendant; he may consider a defendant's previous convictions, public records concerning the defendant, or the defendant's admissions to the court.

2. CRIMINAL LAW—SENTENCING—PENDING CHARGES—ALLEGED CRIMINAL CONDUCT.

A trial court's reference, upon sentencing a defendant, to charges pending against the defendant is not reversible error; alleged criminal conduct not resulting in conviction may be considered so long as the information is accurate.

3. CRIMINAL LAW—SENTENCING—OTHER CRIMINAL CONDUCT.

A trial court could properly consider, when sentencing a defendant, evidence of other criminal conduct as shown by the fact that the defendant had been properly charged in another case, had been brought before the court on the matter, had not denied the accuracy of the charges, and would have had to answer for the charges except for a plea agreement wherein the charges were dismissed.

4. CRIMINAL LAW—APPEAL AND ERROR—SENTENCING—PRESENTENCE REPORTS—JUDGE'S COMMENTS—COURT RULES.

A defendant may refute information in the presentence report, and may not complain upon appeal of the trial court's comments regarding charges against the defendant which had been dismissed where no attempt was made to question those comments at the time of sentencing (GCR 1963, 785.12).

Appeal from Recorder's Court of Detroit, Samuel Gardner, J. Submitted May 7, 1976, at Detroit. (Docket No. 24104.) Decided July 20, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 527.
[2–4] 21 Am Jur 2d, Criminal Law §§ 527, 531, 533 *et seq.*

Sloan M. Moore was convicted, on his plea of guilty, of assault with intent to rob and steal being armed and of assault with intent to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William L. Cahalan,* Prosecuting Attorney, for the people.

*Leonard Esquina, Jr.,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant Sloan Melvin Moore was charged in two separate incidents both containing identical counts for armed robbery, MCLA 750.529; MSA 28.797, and rape, MCLA 750.520; MSA 28.788. Both cases (file #74-10054 and 74-10070) were heard in Recorder's Court for the City of Detroit, Judge Samuel Gardner presiding.

Each of these four offenses carries a possible sentence of life imprisonment. MCLA 750.529, MCLA 750.520. However, pursuant to an agreement contained in the record, defendant offered to plead guilty in one case (file #74-10054) to the lesser included offenses of assault with intent to rob and steal being armed, MCLA 750.89; MSA 28.284, and assault with intent to rape, MCLA 750.85; MSA 28.280. In exchange, charges in the other incident (file #74-10070) would be dismissed.

After proper inquiry to establish that defendant's plea was voluntary, the trial court accepted a plea to the lesser offenses and dismissed the charges as aforementioned. Defendant was sentenced on February 10, 1975. At that time, the

court had reviewed the presentence report, and accepted comments and arguments by defendant concerning matters relevant to sentencing. Twice he referred to the fact defendant had been charged with armed robbery and rape on two separate occasions.

Defendant asserts the trial court erred reversibly when he referred by word to case #74-10070, despite the agreement that this case would be dismissed, and, in fact, sentenced defendant on the basis of both cases, not case #74-10054 alone. We cannot agree.

This Court has recognized that the trial judge is granted considerable discretion regarding what may be used to inform his decision on sentencing:

"The trial court, of course, has wide latitude in sentencing a defendant. The court may consider a defendant's previous convictions, public records concerning the defendant, or even defendant's admissions to the court. *People v Losinger,* 331 Mich 490 [50 NW2d 137] (1951); *cert den* 343 US 911; 72 S Ct 644; 96 L Ed 1327 (1952)." *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972).

Further, reference to pending charges has not been found reversible error, even where the court clearly considers the charge to some degree. *People v Thomas,* 59 Mich App 21, 24; 228 NW2d 531 (1975), *People v Potts,* 55 Mich App 622, 639; 223 NW2d 96 (1974), *People v Lee,* 391 Mich 618, 631–639; 218 NW2d 655 (1974).

This Court does not find persuasive defendant's argument that case #74-10070 could not be considered in the same way a case still pending could be simply because the trial court had agreed to dismiss the case on the basis of the plea in case #74-10054. However, regardless of whether reference to case #74-10070 can be held consideration

of a pending case or not, this Court has ruled that the trial court may consider alleged criminal conduct not resulting in conviction, so long as the information is accurate. *People v Hildabridle*, 45 Mich App 93, 95; 206 NW2d 216 (1973). The fact that defendant was properly charged in case #74-10070, had been brought before the trial court on the matter, had not denied the accuracy of the charges themselves, and would have had to answer for these charges except for the agreement between the parties, provides an accurate and adequate basis upon which the judge could consider evidence of that criminal conduct, assuming the court actually relied on this case.

In fact, asking the trial court to totally disregard any consideration of those charges would be unrealistic. *People v Lee, supra,* at 636. Defendant had the assistance of counsel throughout the proceedings. He could have asked the trial court to explain these references in the light of the plea agreement and could have objected to them were the court's response unacceptable. See GCR 1963, 785.12, regarding the statutory ability to refute information in the presentence report. *People v McIntosh,* 62 Mich App 422, 445; 234 NW2d 157 (1975). Defendant apparently made no attempt in this case to question the comments by the trial court. He cannot be heard to complain now.

This Court will not reverse the trial court on the basis of his reference to case #74-10070. We do not believe the trial court improperly based its sentence on consideration of this matter. The sentence was consistent with the plea bargain and well within the statutory limits. *People v Cox,* 53 Mich App 314, 316; 218 NW2d 843 (1974), *People v Smith,* 52 Mich App 731, 738; 218 NW2d 151 (1974).

Affirmed.