PEOPLE v ARMSTRONG

Docket No. 46102. Submitted June 18, 1980, at Detroit.—Decided July 24, 1980.

John A. Armstrong was charged with burning a dwelling house in the Monroe Circuit Court. After negotiations, the prosecutor agreed to reduce the charge to attempted burning of a dwelling house and to recommend probation in exchange for defendant's nolo contendere plea. At the plea-taking, the court informed defendant that the prosecutor's recommendation was not binding on the court and the defendant acknowledged his understanding. The court, James J. Kelley, J., accepted the plea and found defendant guilty. At sentencing, the court advised defendant that he had the right to request to withdraw his plea. Defendant requested the court to proceed with sentencing, and he was sentenced to 3-1/3 to 5 years. Defendant appeals. *Held:* ·

1. A sentence agreement between the prosecutor and defendant amounts to nothing more than a sentence recommendation and is not binding on the court, and the judge, in accepting a negotiated plea, should so advise the defendant. The judge did this.

2. The Court of Appeals will not substitute its judgment for that of a trial court in reviewing a defendant's sentence. The sentence was within the limits of the statute and proper.

Affirmed.

1. CRIMINAL LAW — PLEA OF GUILTY — PLEA BARGAINS — SENTENCING.

A sentence agreement between the prosecutor and defendant amounts to nothing more than a sentence recommendation and is not binding on the court; a judge, in accepting a negotiated plea, should advise the defendant that this is the case.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 487.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2] 5 Am Jur 2d, Appeal and Error § 818.

2. APPEAL — CRIMINAL LAW — SENTENCE.
   The Court of Appeals will not substitute its judgment for that of
   a trial court in reviewing a defendant's sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *Mitchell H. Nelson,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, and *John Nussbaumer,* Research Attorney, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. Defendant pled guilty to attempted burning of a dwelling house in violation of MCL 750.92 and 750.72; MSA 28.287 and 28.267. He was sentenced to imprisonment for 3-1/3 to 5 years and claims this appeal as a matter of right under GCR 1963, 806.1.

Defendant was originally charged with burning a dwelling house, MCL 750.72; MSA 28.267. After plea negotiations, the prosecutor agreed to reduce the charge to attempted burning and to recommend probation in exchange for defendant's nolo contendere plea to the reduced charge. At the proceeding upon the plea, the plea-taking court informed the defendant that the prosecutor's recommendation of probation was not binding and that the sentence could be as much as five years in prison. At the same hearing, the court further stated that it had not agreed with anyone as to what the sentence would be and asked defendant if he was aware of that. Defendant indicated that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he understood, whereupon the court accepted the tendered plea.

At sentencing, defendant was advised that he had the right to ask the judge to allow him to withdraw his plea. Defendant indicated that he understood his rights, that he did not wish to withdraw his plea, but wished to go forward with sentencing. The court sentenced defendant to 3-1/3 to 5 years in prison.

Defendant challenges his conviction on three fronts. First, he argues that the prosecution did not fulfill its promise to recommend probation. Defendant's plea was certainly influenced by the prosecution's promises to dismiss the principal charge, allow the guilty plea to a lesser offense, and recommend probation thereon. We have reviewed the guilty plea transcript to find that the prosecutor fulfilled all of his promises to defendant.[1] The defendant knew the direct consequences of his guilty plea, including the actual value of any commitments made to him. In fact, the trial court acknowledged its awareness of the prosecutor's recommendation when it advised the defendant that such recommendation would not necessarily be binding upon the court. In light of such, we find defendant's contention that the prosecutor did not fulfill his promise to recommend probation unsupported. *Cf. People v Huizar,* 89 Mich App 224; 280 NW2d 494 (1979).

Secondly, defendant contends that when the judge decided to reject the prosecutor's recommendation of probation, he should have specifically informed the defendant that he was rejecting the recommendation and that he intended to sentence the defendant to prison, and should have then

---

[1] According to the presentence report, the prosecutor lived up to his bargain in recommending probation.

offered the defendant the opportunity to withdraw his plea. It should be noted that the judge, on two separate occasions, advised the defendant that he was not bound by the prosecutor's sentencing recommendations. Defendant indicated he understood, then entered his plea. After the second apprisal, the court gave defendant an opportunity to request to withdraw his plea. He declined, indicating his desire to proceed to sentencing.

According to Judge Cynar's concurrence in *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979), because a defendant may have been misled into believing the prosecution's recommendation was binding, the judge should inform defendant that this is not the case. *Id.,* 39. We agree that fairness demands this standard and find that this standard was adhered to in the case before us. Here, the judge clearly informed defendant that the recommendation was not binding, and the defendant still made no motion to withdraw. We, therefore, hold that defendant's second contention of error is without merit.

As to defendant's third allegation, that review of sentencing should be the duty of this Court, the law is that the Court of Appeals will not substitute its judgment for that of the circuit court. *People v Hall,* 399 Mich 288; 249 NW2d 62 (1976), *reh den* 400 Mich 952 (1977). While we might not have pronounced so harsh a sentence on defendant, the sentence given defendant was within the minimum and maximum bounds for the crime to which he pled guilty. As such there was no error in the sentence of the circuit court.[2] If it be the duty of

---

[2] At present appellate courts are not sentence review boards. "A sentence within the legislatively set limits is not open to appellate addition or diminution." *People v Webb,* 75 Mich App 494, 502; 255 NW2d 661 (1977).

the Court of Appeals to review sentencing of the circuit court, as has often been suggested, see ABA Standards, § 1.1(a), p 7, (approved draft, 1968), we feel this should be the determination of the Legislature and not of the judiciary.

Because we find no error in either the plea bargaining or the sentencing procedures, the judgment of the circuit court is affirmed.