PEOPLE v YATES

Docket No. 48877. Submitted June 19, 1980, at Lansing.—Decided August 12, 1980. Leave to appeal applied for.

David A. Yates pled guilty to a charge of armed robbery, and sentence was imposed, Lenawee Circuit Court, Rex B. Martin, J. Defendant appeals, alleging that because the trial judge did not impose sentence in accordance with the prosecutor's recommendation, he should have been permitted to withdraw his plea. *Held:*

The defendant should not be permitted to withdraw his plea of guilty since the trial judge, at the plea-taking proceeding, specifically informed the defendant that the court would not be bound by the recommendations of the prosecutor pursuant to the plea-bargain agreement between the prosecutor and the defendant, that the sentence imposed would be determined by the court, and the defendant stated that he understood this.

Affirmed.

1. CRIMINAL LAW — PLEAS OF GUILTY — PLEA BARGAINING.

A defendant should not be permitted to withdraw his plea of guilty after sentencing because the trial judge did not impose sentence in accordance with a prosecutor's recommendation pursuant to a plea bargain between the prosecutor and the defendant where, at the plea-taking proceeding, the trial judge specifically informed the defendant that the court is not bound by such recommendations and that the sentence imposed is to be determined by the court, and the defendant stated that he understood.

2. CRIMINAL LAW — SENTENCING — REASONABLE EXPECTATION — PLEAS OF GUILTY.

A defendant's reasonable expectation as to what sentence shall be

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 487, 491.5, 504.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2, 3] 21 Am Jur 2d, Criminal Law § 487.

imposed following his plea of guilty can come only from the court.

3. CRIMINAL LAW — PLEA BARGAINING — COURTS.

    A trial judge, during a plea-taking proceeding, should inform a defendant that the recommendation of a prosecutor pursuant to a plea-bargain agreement with the defendant is not binding on the court, so that the defendant knows the precise extent of the benefit received in the bargain.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

D. E. HOLBROOK, JR., J. Defendant pled guilty to a charge of armed robbery, MCL 750.529; MSA 28.797. Thereafter, sentenced to a prison term of not less than 5-1/2 nor more than 30 years, defendant appeals as of right.

It is defendant's contention that he should be permitted to withdraw his plea because as a part of the plea bargain the prosecutor agreed to recommend minimum prison time, which he did by recommending two years. The trial judge chose not to follow this recommendation. Because the trial judge did not sentence in accordance with the prosecutor's recommendation, defendant claims he should have been permitted to withdraw his plea. We disagree.

For Michigan authority defendant relies, primarily, on the recent case of *People v Briggs,* 94 Mich App 723, 726; 290 NW2d 66 (1980). In that

* Circuit judge, sitting on the Court of Appeals by assignment.

case, at the sentencing hearing, the trial judge advised the defendant that he had not agreed to the prosecutor's sentence recommendation of 12 to 25 years and proceeded to sentence defendant to a prison term of 20 to 40 years. This Court reversed saying:

"We see no significant distinction between the instant situation and a case in which the judge specifically indicates to the defendant at the plea-taking proceeding that he will follow the sentence recommendation only if the presentence report does not convince him otherwise."

At the plea-taking proceeding, in the instant case, the following colloquy took place between the trial judge and the defendant:

"The Court: Now, David, lets make sure we understand this. The prosecutor can make a recommendation, but its still up to the court after we see a pre-sentence report, as to what kind of prison term we'll sentence you to, do you understand that?

"The Respondent: Yes, sir.

"The Court: In other words, they can't guarantee a minimum sentence. It might be, and it might not. That's up to the Court, you understand that?

"The Respondent: Yes, sir."

Hence there was no specific indication by the judge to the defendant that he would follow the sentence recommendation only if the presentence report did not convince him otherwise—quite to the contrary. Here the trial judge specifically told the defendant that he was not bound by any recommendation of the prosecutor and that defendant's sentence was up to the court. In addition, defendant stated that he understood. Moreover, in *Briggs, supra,* the trial judge was silent as to

sentence after hearing that the prosecutor would recommend 12 to 25 years. There the trial judge said nothing. Here the trial judge was specifically clear that he was not bound by any such recommendation. Additionally the defendant stated he understood.

In our opinion, a defendant's reasonable expectation as to sentence can come only from the court. While such an expectation might properly be inferred by the trial court's silence, as it was in *Briggs,* such is not the situation here. We are in full accord with Judge CYNAR's concurring opinion in *People v Hagewood,* 88 Mich App 35, 39; 276 NW2d 585 (1979), wherein he stated:

> "* * * it appears the judge in such a situation should inform the defendant that the recommendation is not binding. In this way, a defendant knows the precise extent of the benefit received in the bargain."

This is precisely what the trial judge did in the case at bar. Nor do we feel that the procedure followed in the instant case, as argued by the defendant, is violative of ABA Project on Standards for Criminal Justice, Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, § 3.3(b) (1968), p 311.

Affirmed.