PEOPLE v BAHLHORN

Docket No. 47841. Submitted January 20, 1981, at Detroit.—Decided
April 8, 1981. Leave to appeal applied for.

Tanya L. Bahlhorn was convicted, on her plea of guilty, of
possession of a controlled substance, in Monroe Circuit Court,
James J. Kelley, J. The defendant had entered into a sentence
bargain agreement with the prosecuting attorney resulting in
the defendant's plea of guilty. The trial judge specifically
cautioned the defendant that he was not required to follow the
prosecutor's recommendations as to what sentence would be
imposed. Judge Kelley subsequently sentenced the defendant to
14 months to 2 years imprisonment, disregarding the recom-
mendation of the prosecuting attorney that defendant be sen-
tenced to county jail time to be served on weekends. The
defendant appeals, alleging that, since the prosecutor's sen-
tence recommendation, bargained for by the defendant, was not
followed, she should be allowed to withdraw her plea of guilty.
*Held:*

The defendant should be allowed to withdraw her guilty plea.
The cautionary instruction by the trial court that it was not
bound to accept the prosecutor's sentence recommendation
would not change the defendant's expectation that the plea
agreement would be carried out.

Reversed and remanded with instructions.

CYNAR, J., dissented. He would affirm the defendant's convic-
tion since prior to accepting the defendant's plea the trial judge
clearly and specifically informed the defendant that the court
was not bound by the prosecutor's recommendation for sen-
tence, which the defendant acknowledged she understood. The
trial judge did all that was required of him under the circum-
stances.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 491, 503-506.

Right to withdraw guilty plea in state criminal proceedings where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.

[2, 3] 21 Am Jur 2d, Criminal Law § 493.

OPINION OF THE COURT

1. CRIMINAL LAW — PLEA BARGAINS.

A defendant should be given an opportunity to withdraw his plea
of guilty upon learning that a sentence recommendation made
by the prosecuting attorney to the sentencing judge and which
played at least a partial role in the defendant's decision to
forego trial and plead guilty will not be followed by the sen-
tencing judge.

2. PROSECUTING ATTORNEYS — RECOMMENDATIONS FOR SENTENCE.

A prosecuting attorney should decline to make sentence recom-
mendations in jurisdictions where the prosecutor's recommen-
dations are not weighted.

DISSENT BY CYNAR, J.

3. CRIMINAL LAW — SENTENCING — SENTENCE BARGAINS.

*The authority to pronounce sentence is within the exclusive
province of the judiciary; neither the prosecution nor the
defendant can bind the court with a sentence bargain and no
error occurs where the trial court, prior to accepting a defen-
dant's plea, clearly and specifically informs the defendant that
the court is not bound by the prosecutor's recommendation and
where the defendant acknowledges understanding.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *William D. Bond,* Assis-
tant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY
and CYNAR, JJ.

M. J. KELLY, J. Defendant pled guilty to posses-
sion of a controlled substance, MCL
333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and
was sentenced to 14 months to 2 years imprison-
ment. Defendant now appeals of right. There was
a plea pursuant to a sentence bargain agreement
reached with the prosecutor. On July 26, 1979, the

trial judge disregarded the prosecutor's sentence recommendation and sentenced defendant to a term of 14 months to 2 years. The agreement with the prosecutor was to the effect that he would recommend only county jail time and that any sentence of incarceration could be served on weekends at the county jail. The learned trial judge specifically cautioned the defendant that he was not required to follow the prosecutor's recommendations. He emphasized that the court often ignored such recommendations and that there was no guarantee she would not be sent to prison.

This Court is split as to whether a trial judge must grant the defendant an opportunity to withdraw a guilty plea when the prosecutor's sentence recommendation, bargained for by the defendant, is not followed. In *People v Briggs,* 94 Mich App 723; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), the Court held that a defendant was entitled to an opportunity to withdraw the plea. The opposite result was reached by a different panel in *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980).

We acknowledge that it is a close question, but we lean to the rationale of *People v Briggs, supra,* 726, in which the Court cited the ABA Standards, Pleas of Guilty, § 3.3(b) (Approved Draft, 1968) and "principles of fairness" to hold that "the defendant [should] be given an opportunity to withdraw his plea upon learning that the sentence recommendation, which played at least a partial role in his decision to forego trial and plead guilty, will not be followed". A cautionary instruction by the trial court that it was not bound to accept the prosecutor's sentence recommendation would not, in our view, change a defendant's expectation that the plea agreement will be carried out.

This decision is not to be interpreted as a criticism of the sentencing judge, who could not have been more explicit when he said "the court can and often does ignore recommendations made by the prosecutor or other persons". We would like to offer the suggestion that in jurisdictions where the prosecutor's recommendations are not weighted, the prosecutor decline to make sentence recommendations and we will not get into the charade carried on in cases such as this, *Briggs* and *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979).

The case is remanded to the trial court with instructions to give the defendant an opportunity to withdraw her plea if she so desires. If she does not move to set aside her plea within 20 days of the date of the certification of this opinion, her conviction and sentence are affirmed. We do not retain jurisdiction.

N. J. KAUFMAN, P.J., concurred.

CYNAR, J. *(dissenting).* I respectfully dissent. Prior to accepting defendant's plea, the trial court clearly and specifically informed defendant that the court was not bound by the prosecutor's recommendation, which the defendant acknowledged she understood. The trial judge did all that was required of him under the circumstances, *People v Hagewood,* 88 Mich App 35, 39; 276 NW2d 585 (1979) (CYNAR, J., concurring), and *People v Yates,* 99 Mich App 396, 399; 297 NW2d 680 (1980). I would affirm.