PEOPLE v LEE JOHNSON

Docket No. 48783. Submitted June 13, 1980, at Grand Rapids.—Decided April 22, 1981.

> Lee A. Johnson was convicted, on his plea of guilty, of carrying a dangerous weapon with unlawful intent, Muskegon Circuit Court, Ronald H. Pannucci, J. The defendant pled guilty pursuant to a plea bargain in which the prosecutor agreed to recommend to the court that upon the court's acceptance of the defendant's plea of guilty to the offense charged that the defendant's sentence be deferred for one year with the understanding that the defendant, if he completed the appropriate probation period, would be allowed to plead guilty to an appropriate misdemeanor. The trial judge, at the plea-taking proceeding, specifically advised the defendant that he was not bound by the recommendation of the prosecuting attorney and could impose any sentence he considered appropriate. The trial judge declined to follow the prosecuting attorney's recommendation and sentenced the defendant to 90 days in the county jail. The defendant appeals, alleging that he should have been allowed to withdraw his guilty plea when the court decided not to impose the sentence recommended by the prosecutor. *Held:*
>
> There is no basis for setting aside the defendant's guilty plea since the defendant was clearly advised prior to the court's acceptance of the plea that the trial judge was not bound by the prosecutor's recommendation and could impose any sentence within the limitations set by statute. Moreover, the defendant indicated that he understood the judge's advice on that point.
>
> Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 491.5, 503-506.

Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated in plea bargin. 66 ALR3d 902.

Withdrawal of plea of guilty or nolo contendere after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

[2, 3] 21 Am Jur 2d, Criminal Law § 491.5.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINING — SENTENCE
   RECOMMENDATIONS.

 A defendant should not be permitted to withdraw his plea of
guilty after sentencing because the trial judge did not impose
sentence in accordance with a prosecutor's recommendation
pursuant to a plea bargain between the prosecutor and the
defendant where at the plea-taking proceeding the trial judge
specifically informed the defendant that the court is not bound
by such recommendations and that the sentence imposed is to
be determined by the court, and the defendant stated that he

2. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINING — SENTENCE
   RECOMMENDATIONS.

 The continuation of the practice of making a prosecuting attor-
ney's recommendation as to sentence a part of the plea bargain
agreement is more harmful than helpful to the plea-bargaining
process.

3. CRIMINAL LAW — SENTENCES.

 Sentencing is a judicial function and not a prosecutorial function
and any expectation of a sentence concession should come to
the defendant from the court, not the prosecutor.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Gerald Warner,*
Prosecuting Attorney, and *Stephen C. Corwin,*
Senior Assistant Prosecuting Attorney, for the
people.

*Edward C. Wilson,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R.
MCDONALD,* JJ.

D. F. WALSH, J. Defendant, Lee A. Gilbert John-
son, was convicted, on his plea of guilty, of the
offense of carrying a dangerous weapon with un-
lawful intent. MCL 750.226; MSA 28.423. The plea
was offered and accepted pursuant to a plea bar-
gain agreement in which the prosecutor agreed to
recommend to the court, upon acceptance of the

---

 * Circuit judge, sitting on the Court of Appeals by assignment.

plea to the offense as charged, that sentence be deferred for one year with the understanding that the defendant, if he completed the appropriate probation period, would then be allowed to plead to a misdemeanor.

In accepting the plea the court advised the defendant as follows:

*"Court:* Do you understand that that recommendation on the part of the prosecutor and that recommendation on the part of your attorney does not bind me in any way whatsoever?

*"Defendant:* Yes.

\* \* \*

*"Court:* \* \* \* [O]r I can send you to jail. I can put you on probation. I can do anything to you, including delaying your sentence. Do you understand that?

*"Defendant:* Yes.

\* \* \*

*"Court:* Has anyone promised you anything other than as expressed in the plea negotiations, to get you to plead guilty?

*"Defendant:* No."

At the time of sentencing the court declined to follow the prosecutor's recommendation and sentenced the defendant to 90 days in the county jail. It is defendant's position on appeal that he should have been allowed to withdraw his plea when the court decided not to impose the sentence recommended by the prosecutor. We have carefully reviewed the record and find no sufficient evidentiary support therein for the conclusion that the defendant's plea was involuntary. The defendant was clearly advised, prior to the acceptance of the plea, that the court was not bound by the prosecutor's recommendation and could impose any sentence within the limitations set by statute.

Moreover, defendant indicated that he understood the court's advice on that point. We find no basis for setting aside the defendant's plea. *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980).

Although we affirm defendant's plea-based conviction on this record, we take this opportunity to express our strong disapproval of the practice of making a prosecutor's recommendation as to sentence a part of the plea bargain agreement. The growing number of cases in which defendants allege on appeal that they were misled as to the effectiveness of such recommendations leads us to the conclusion that the continuation of the practice is more harmful than helpful to the plea-bargaining process.

The acceptance of a guilty plea is now governed by a comprehensive and detailed set of rules. A trial judge must follow these rules with careful attention in order to avoid the inadvertent omission of some item of advice essential to the integrity of the plea-taking proceeding. Many judges wisely follow a check list to ensure full and complete compliance. Defendants are regularly instructed as to the requirements of the plea-taking procedure and are strongly impressed with the necessity of making a record which clearly demonstrates that all of the provisions of the pertinent rules have been followed. Defendants are also regularly instructed as to the answers that they must give to the court's inquiries if the plea is to be accepted. Because of the painful truth that a minor deficiency can cause the plea to be set aside, the form of the proceeding is frequently stressed to the defendant far more forcefully than the substance. The result of all of this is that a defendant who has agreed to plead guilty in return for a sentence recommendation by the prosecutor is

frequently lulled into the belief that the plea-taking proceeding is a mere formality and that everyone involved, including the judge, is a party to the bargain no matter what the court, for purposes of the record, might say to the contrary. See *Commonwealth v Barrett,* 223 Pa Super 163, 164; 299 A2d 30, 31 (1972).

Certainly this is not always the case. Many defendants have absolutely no illusions whatsoever about the limited and uncertain benefit of a prosecutorial recommendation. But it happens too frequently that a defendant is encouraged to believe in the effectiveness of the prosecutor's influence in the sentencing process only to have his well-founded expectations frustrated after his constitutionally guaranteed right to a jury trial has been relinquished through his plea of guilty.

From the defendant's point of view, it is the prosecutor who is normally perceived as the representative of the state who has an interest in the prosecution and punishment of the defendant, whereas the court is often perceived as an impartial tribunal having no interest in punishing the defendant beyond what the prosecutor might recommend. In recognition of this fact, the following observation was made by the Court in *State v Goodrich,* 116 NH 477, 478; 363 A2d 425, 426 (1976):

"The court may state and the defendant may understand that the court is not legally bound to accept the recommendation. But the court's warning of what it can do does not inevitably affect the defendant's expectation of what it will do. It would be unfair to hold the defendants to their pleas when their reasonable expectations, which were induced by the prosecutor and by past practice and which led to their pleas, have proven false."

Accord, *Quintana v Robinson,* 31 Conn Supp 22; 319 A2d 515 (1973), *State v Fisher,* 223 NW2d 243 (Iowa, 1974), *State v Chalaire,* 375 So 2d 107 (La, 1979), *Schellert v State,* 569 SW2d 735 (Mo, 1978), *Commonwealth v Barrett, supra, State v McConkey,* 247 NW2d 687 (SD, 1976).

It is difficult for us to conceive of any good reason why our criminal justice system should continue to tolerate a process so predisposed to the creation of false inducement and of such questionable value to any of the participants. Sentencing is a judicial function and not a prosecutorial function. Any expectation of a sentence concession should come to the defendant from the court, not the prosecutor. In our judgment, if the prosecutor is willing to suggest to the court that a sentence concession be made to a defendant in return for his plea of guilty, the prosecutor and defense counsel should present the suggestion to the sentencing judge along with such information as may bear upon the propriety of the contemplated sentence and as may be available at the time of the offering of the plea. If the court, based upon the available information, is inclined to concur in the suggestion, the sentence should be tentatively approved by the court. The defendant's plea should then be accepted but the court should advise the defendant that the court will not make a final decision as to the sentence until a formal presentence report has been prepared and considered. The defendant should also be advised that if the court decides not to impose the recommended sentence, the defendant will be given the opportunity to withdraw his plea of guilty and to go to trial. See ABA Standards, Pleas of Guilty, § 14-3.3g (approved draft, 1979). If the court, based upon the available information, is not inclined to concur in

the suggested sentence or finds that it does not have enough information to concur, even tentatively, then no approval of the sentence should be given. If a plea is nevertheless offered and accepted the prosecutor would not be precluded from making a recommendation to the trial court at the time of sentencing.

The defendant's conviction is affirmed.

ALLEN, P.J., concurs in the result.