PEOPLE v NEWSUM

Docket No. 45890. Submitted January 19, 1981, at Detroit.—Decided April 23, 1981. Leave to appeal applied for.

Gary L. Newsum pled guilty to larceny in a building pursuant to a plea-bargain agreement, Kalamazoo Circuit Court, Patrick H. McCauley, J. He appeals, alleging that he was deprived of the benefit of his bargain because the prosecutor failed to make an affirmative recommendation for probation on the record prior to sentencing, that he should have been allowed to withdraw his plea when the trial court refused to follow the prosecutor's sentence recommendation, and that the trial court erred in considering defendant's prior criminal acts not resulting in conviction prior to imposing sentence. *Held:*

1. The prosecutor, on the record at defendant's plea-taking proceeding and again during an in-chambers discussion prior to sentencing, recommended probation for defendant. Defendant was not denied the benefit of his bargain.

2. Defendant should have been allowed to withdraw his plea upon learning that the trial court would not follow the prosecutor's sentence recommendation even though the trial court had warned him that it was not bound by the recommendation.

3. The record reveals that the circumstances surrounding defendant's admission of other criminal acts were not such as to allow the conclusion that his admission was voluntary, was made without inducement or assurances, and was made with full awareness of the consequences of such admissions. Accordingly, his sentence is vacated and the case is remanded to allow defendant to affirm or withdraw his plea. If affirmed, resentencing should occur before another judge on the basis of a new

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 491.5, 503-505.

Rights to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated in plea bargain. 66 ALR3d 902.

[2] 21 Am Jur 2d, Criminal Law § 585.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[3] 21 Am Jur 2d, Criminal Law § 491.5.

presentence report, excluding references to defendant's admissions.

Reversed and remanded.

CYNAR, J., concurred in part and dissented in part. He would hold that the trial court properly informed defendant that it was not bound by the sentence recommendation prior to accepting his plea. He would affirm the conviction, vacate the sentence, and remand for resentencing.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — PLEA-BARGAIN AGREEMENTS — WITHDRAWAL OF PLEAS.

A defendant who pleads guilty pursuant to a plea-bargain agreement should be given an opportunity to withdraw his plea upon learning that the sentence recommendation will not be followed by the trial court.

2. CRIMINAL LAW — SENTENCING — PRIOR CRIMINAL ACTS — CONFESSIONS — VOLUNTARINESS.

Generally, a trial court, in imposing sentence, may consider a defendant's other criminal activities for which no convictions resulted, provided the defendant is given an opportunity to refute the acts; each case, however, must rest on its own merits, and where a defendant admits to committing other crimes and on appeal it cannot be said based on the record that such admissions were voluntary and made without inducement or assurances and with full awareness of the consequences his sentence should be vacated and the case remanded for resentencing.

### PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, J.

3. CRIMINAL LAW — COURTS — PLEA-BARGAIN AGREEMENTS.

*A trial court, before accepting a defendant's guilty plea, need only inform the defendant that it is not bound by a sentence recommendation made pursuant to a plea-bargain agreement so that the defendant knows the precise extent of the benefit of his bargain with regard to sentencing.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judith B. Ketchum,* Assistant Prosecuting Attorney, for the people.

*Deming, Hughey, Keiser, Allen & Chapman* (by *William A. Redmond),* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. Pursuant to a plea-bargain agreement, defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592. In exchange for his plea, a count of breaking and entering an occupied dwelling with the intent to commit larceny therein, filed in the instant case, was reduced to the above larceny charge, an unrelated breaking and entering (B & E) charge was dismissed, as was an unrelated charge of receiving and concealing stolen property of a value greater than $100. A pending case involving a charge of driving with a suspended license was also dismissed. The prosecutor agreed not to file a second charge of driving with a suspended license and not to file a supplemental habitual offender information and agreed to recommend a sentence of probation. Defendant agreed to testify against his two codefendants in one of the B & E cases and also consented to taking a polygraph examination prior to the plea-taking proceeding. Defendant was later sentenced to from 32 months to 4 years imprisonment and now appeals as of right, pursuant to GCR 1963, 806.1.

Defendant first argues that he was deprived of the benefit of his plea bargain because the prosecutor failed to make an affirmative recommendation of probation on the record prior to defendant's being sentenced. We reject this contention. At defendant's plea-taking proceeding, the prosecutor, on the record, indicated that he was recommending probation for defendant based upon defendant's cooperation with the authorities. Further,

just prior to sentencing, during an in-chambers discussion with the court, the prosecutor again recommended probation. We find this sufficient compliance with the plea-bargain requirement.

Next, defendant claims that he should have been allowed to withdraw his plea because the trial court refused to follow the prosecutor's sentence recommendation. We agree. It is evident from the record that the trial court did inform defendant that it was not bound by the prosecution's recommendation and that it would make an independent determination as to defendant's sentence. This opinion is not meant to imply in any way that the trial court acted improperly. On the contrary, the trial court's behavior was forthright and above reproach. Nevertheless, it is our belief that in many instances defendants, while hearing the judge's words, believe that they are a mere recitation mandated by the rules governing guilty pleas, see GCR 1963, 785.7, and that the court really has no intention of departing from the sentencing recommendation. We, therefore, believe that the approach stated in *People v Briggs,* 94 Mich App 723, 726-727; 290 NW2d 66 (1980), should be taken when the trial court decides that it will not follow the sentence recommendation:

"[P]rinciples of fairness dictate that the defendant be given an opportunity to withdraw his plea upon learning that the sentence recommendation, which played at least a partial role in his decision to forego trial and plead guilty, will not be followed. From the defendant's viewpoint, the degree of perceived unfairness does not hinge on subtle distinctions concerning the precise nature of the judge's conditional concurrence in the plea bargain. We, therefore, remand this matter to the

circuit court, where the defendant will be given an opportunity to either affirm or withdraw his guilty plea."[1] (Footnotes omitted.)

Finally, defendant argues that the trial judge's consideration of numerous uncharged and unproven crimes, which defendant involuntarily admitted committing, in imposing the maximum allowable sentence for larceny in a building constituted error requiring reversal. While it is true in general that a trial court, in imposing sentence, may consider other criminal activity for which no conviction resulted, provided the defendant has an opportunity for refutation, GCR 1963, 785.12, *People v Moore,* 70 Mich App 210, 213; 245 NW2d 569 (1976), each case must rest on its own merits.

In this case, defendant claims that the only reason he admitted to knowledge of and/or participation in approximately 100 larcenies and 20 B & E's during the course of a polygraph examination was that he was assured by the officer administering the examination that those admissions were confidential and would not be made available to the sentencing judge. The officer who gave the examination did not recall making any assurances to that effect and stated that he would not have done so in any event.

On the basis of what is before us, we conclude that defendant is entitled to be resentenced before another judge and that a new presentence report is to be prepared, which report shall not contain

---

[1] We note that in *People v Armstrong,* 99 Mich App 137; 297 NW2d 637 (1980), Judge KAUFMAN participated on a panel of this Court which adopted Judge CYNAR's concurrence in *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979). However, in *Armstrong* defendant was advised that he had the right to request that his plea be withdrawn. Assuming that had such a motion been made it would have been granted, Judge KAUFMAN felt that the defendant had been treated properly although the exact procedure enunciated in *Briggs* had not been followed.

any reference to defendant's admissions regarding involvement in numerous larcenies and breakings and enterings made during the polygraph examination. We cannot say that defendant voluntarily and without inducement or assurances and with full awareness of the consequences admitted to committing these crimes. See *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968).

Accordingly, we vacate defendant's sentence and remand this case to the trial court with instructions that defendant be allowed to affirm or withdraw his plea. Even if defendant chooses to maintain his plea of guilty, we instruct that the resentencing should be done on the basis of a new presentence report and before another judge. We do not retain jurisdiction.

CYNAR, J. *(concurring in part, dissenting in part).* I agree with the majority's resolution of the first and third issues raised by defendant. However, I do not agree with their disposition of defendant's claim that he should have been allowed to withdraw his plea because the trial court refused to follow the prosecutor's sentence recommendation. Prior to accepting defendant's plea, the trial court clearly and specifically informed defendant that the court was not bound by that recommendation, and the defendant acknowledged that he understood; then defendant proceeded to ask the court to accept his plea under those conditions. The trial court did all that was required of it under the circumstances, *People v Hagewood,* 88 Mich App 35, 39; 276 NW2d 585 (1979) (CYNAR, J., concurring), and *People v Yates,* 99 Mich App 396, 399; 297 NW2d 680 (1980). I would affirm defendant's plea-based conviction, vacate his sentence, and remand the case for resentencing in accord with the majority opinion.