PEOPLE v CRABTREE

Docket No. 58158. Submitted October 8, 1981, at Grand Rapids.—
Decided January 13, 1982. Leave to appeal applied for.

Rolland G. Crabtree pled guilty to possession of cocaine with
intent to deliver pursuant to a plea-bargaining agreement,
Berrien Circuit Court, William S. White, J. The defendant
appeals, alleging that he is entitled to withdraw his plea
because the trial court failed to follow the prosecutor's recom-
mendation. *Held:*

The trial court expressly warned the defendant that it in no
way was bound by the prosecutor's recommendation prior to
accepting his plea. In addition, the trial court at no time
concurred in the agreement, nor did it accept the plea on the
express condition that it could be withdrawn if the court did
not follow the recommendation. Thus, the defendant is not
entitled to withdraw his plea.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — PLEA-BARGAINING AGREEMENTS —
WITHDRAWAL OF PLEAS.

A criminal defendant must be allowed to withdraw his guilty plea
where, prior to acceptance of the plea, the trial court concurred
tentatively or fully with a plea-bargaining or sentencing agree-
ment but did not follow the terms of the agreement after
accepting the plea, where the plea is entered upon the express,
court-approved condition that the plea may be withdrawn
should the court decide not to follow the terms of the agree-
ment, or where, prior to accepting the plea, the court fails to
expressly warn the defendant that it is in no way bound by the
agreement or the prosecutor's recommendation; in other cases
where the trial court accepts a guilty plea and later decides not
to follow such an agreement, it may permit the defendant to
withdraw his plea.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 504.
Right to withdraw guilty plea in state criminal proceeding where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Andrew J. Burch & Associates, P.C.,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

PER CURIAM. Defendant pled guilty to possession of cocaine with intent to deliver, MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv), MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv). In exchange for defendant's plea, the prosecutor agreed to recommend probation.

At the guilty-plea hearing, in the course of the following exchange, defendant was informed that the trial court was in no way bound by the prosecutor's recommendation:

"*The Court:* All right. Mr. Gezon, has there been a plea agreement in this case?

"*Mr. Gezon:* Yes, your Honor. The people, if the defendant pleads guilty to the information, will recommend that the sentence include probation and restitution in an amount of $1,050. It should be understood by the defendant, clearly, that the people's recommendation does not bind the court in any way.

"*The Court:* Absolutely not. You understand, Mr. Crabtree, I will listen to the recommendation, but I am certainly not bound by it, I can sentence you anywhere up to 20 years.

"*Mr. Drew:* Your Honor, I have been over that point at very great length with my client.

"*The Court:* You understand that I may sentence you for up to 20 years in prison?

* Circuit judge, sitting on the Court of Appeals by assignment.

*"The Defendant:* Yes, sir."

The trial court declined to follow the prosecutor's recommendation and sentenced defendant to from 2 to 20 years.

Defendant contends that he is entitled to withdraw his plea on the ground that the trial court failed to follow the prosecutor's recommendation.

The Court of Appeals is currently divided over this issue. One group of cases is in agreement with defendant's position. See *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979), *People v Briggs,* 94 Mich App 723, 726; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), *People v Black,* 103 Mich App 109; 302 NW2d 612 (1981), *People v Bahlhorn,* 105 Mich App 118; 306 NW2d 416 (1981), *People v Schirle,* 105 Mich App 381; 306 NW2d 520 (1981), and *People v Newsum,* 105 Mich App 755; 307 NW2d 412 (1981). On the other hand, another line of cases puts forth the proposition that withdrawal need not be permitted where the defendant has been informed by the trial court, prior to acceptance of the plea, that the court is not bound by the prosecutor's recommendation. See *People v Davis,* 74 Mich App 624; 254 NW2d 335 (1977), *People v Armstrong,* 99 Mich App 137; 297 NW2d 637 (1980), *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980), *People v King,* 104 Mich App 459; 304 NW2d 605 (1981), *People v Lee Johnson,* 105 Mich App 614; 307 NW2d 385 (1981), and *People v Shovan,* 112 Mich App 438; 316 NW2d 449 (1982). We believe that the latter group of cases reflect the more enlightened view. Accordingly, we affirm defendant's conviction, since the record shows that when he pled guilty he was fully informed by the trial court that it was in no way bound by the prosecutor's recommendation. We

feel that a defendant who receives such a warning has sufficient notice of the limited value of such a recommendation to enable him to appreciate the consequences of his decision.

We note that our position is in conflict with § 3.3(b) of the ABA Project on Standards for Criminal Justice, Standards Relating to the Administration of Criminal Justice (hereinafter ABA Standards), Pleas of Guilty (1968), and § 4.1(c) of the ABA Standards, Function of the Trial Judge (1968), which provide that withdrawal should be permitted when the court decides *not* to follow the recommendation, and not merely when the court decides that it *might not* follow the recommendation.

However, we also observe that those standards have been superseded by new standards approved by the ABA on February 12, 1979. Section 14-3.3(g) of the new ABA Standards, Pleas of Guilty (1979), now provides:

"In cases where defendant offers to plead guilty and the judge decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, the judge shall so advise the defendant and permit withdrawal of the tender of the plea. In cases where a defendant pleads guilty pursuant to a plea agreement and the court, following entry of the plea, decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea shall be allowed if:

"(i) prior to entry of the plea the judge concurs, whether tentatively or fully, in the proposed charge or sentence concessions; or

"(ii) the guilty plea is entered upon the express condition, approved by the judge, that the plea can be withdrawn if the charge or sentence concessions are subsequently rejected by the court.

"In all other cases where a defendant pleads guilty

pursuant to a plea agreement and the judge decides that the final disposition should not include the contemplated charge or sentence concessions, withdrawal of the plea may be permitted in the discretion of the judge."

We approve of this revision and therefore adopt it, with one further refinement, as the proper standard of review. In addition to the two situations in which the ABA Standards mandate permission to withdraw, we believe that a defendant also must be allowed to withdraw his plea unless he has received an express warning from the trial court that it is in no way bound by the prosecutor's recommendation prior to acceptance of the plea. In the instant case, defendant received such a warning. Moreover, the trial court did not concur in the sentence concession, and the plea was not entered upon the express condition that it could be withdrawn if the sentence concession were rejected. Consequently, defendant was not entitled to withdraw his plea.

Affirmed.