PEOPLE v PATRICK

Docket No. 50241. Submitted November 4, 1981, at Lansing.—Decided February 3, 1982.

Leonard F. Patrick was convicted, on his plea of guilty, of assault with intent to commit murder, Oakland Circuit Court, Richard D. Kuhn, J. The plea had been offered pursuant to an agreement which had been reached between defense counsel, the prosecutor, and Judge Bernard Kaufman, who had indicated the sentence which he would impose, subject to review of the presentence report. Judge Kaufman died, and defendant's plea was accepted by Judge Kuhn, who then imposed a longer sentence than that promised by Judge Kaufman. Defendant appeals. *Held:*

The record does not reveal that the sentencing judge informed the defendant that he was not bound by the sentence recommendation or that there was any reason why the court could not impose the sentence previously agreed to. The case must be remanded to allow the defendant the opportunity to withdraw his guilty plea.

Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A defendant must be allowed an opportunity to withdraw his plea of guilty where the plea was entered pursuant to an agreement between the judge and counsel which included a sentencing recommendation and where the plea was taken by a different judge who imposed a more severe sentence without informing the defendant that he was not bound by the prior sentencing recommendation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 501, 502, 511.

Withdrawal of plea of guilty or nolo contendere, under Rule 32(d) of Federal Rules of Criminal Procedure after sentence. 9 ALR Fed 309.

Appellate Counsel, and *David W. King,* Assistant Prosecuting Attorney, for the people.

*Jo Anne Bigler,* for defendant on appeal.

Before: BRONSON, P.J., and T. M. BURNS and J. T. CORDEN,* JJ.

PER CURIAM. Defendant pled guilty in the Oakland County Circuit Court to the charge of assault with intent to commit murder. MCL 750.83; MSA 28.278. He was sentenced to serve a term of imprisonment of from 4 to 15 years.

Defendant tendered his guilty plea pursuant to a plea bargain. The prosecution agreed not to supplement defendant as a habitual offender. In addition, defendant had been promised by Judge Bernard Kaufman that he would not impose a sentence of more than two to five years or, if, upon review of the presentence report, the judge believed the penalty would have to be more severe, he would allow defendant to withdraw his plea.

In what was a tragic loss for the bench and bar, Judge Kaufman met an untimely death. Consequently, he did not actually take the guilty plea. The substituted plea-taking judge, however, did not indicate that he could not accept the plea agreement worked out between the prosecutor, defense counsel, and Judge Kaufman. Additionally, neither the record of the plea-taking nor of the sentencing reveal that the substitute judge ever informed defendant that he was not bound by the sentence recommendation.

Ultimately, defendant was sentenced to a minimum term of imprisonment two years longer than had been agreed to. The sentencing transcript fails

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to show that the court advised defendant that it could not impose the sentence Judge Kaufman had agreed to, subject to the presentence report, before it imposed the more severe sentence.

There is currently a split of authority on this Court concerning whether a defendant must be given an opportunity to withdraw his guilty plea where the trial court decides it cannot impose the sentence recommended by the prosecutor. One line of cases requires that the defendant be told prior to sentencing that the recommended sentence will not be imposed. These cases further hold that the failure to so advise defendant requires that the matter be remanded to the trial court to give him an opportunity to withdraw his plea. *Inter alia, People 'v Briggs,* 94 Mich App 723; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), *People v Black,* 103 Mich App 109; 302 NW2d 612 (1981), *People v Bahlhorn,* 105 Mich App 118; 306 NW2d 416 (1981). The second line of cases merely requires that the trial court advise defendant on the record that it is not bound by the sentence recommendation. *Inter alia, People v Armstrong,* 99 Mich App 137; 297 NW2d 637 (1980), *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980), *People v King,* 104 Mich App 459; 304 NW2d 605 (1981). Since the plea-taking court here never even told defendant it need not impose the recommended sentence, under either line of cases the instant matter must be reversed and remanded.[1]

The prosecution argues that the conviction should be affirmed because defendant never un-

---

[1] We have analyzed the plea arrangement here as if it were a mere prosecutor's sentence recommendation. In fact, it is apparent that Judge Kaufman, himself, made promises to defendant. By his silence, the actual plea-taking judge can be said to have acquiesced in the promises made by Judge Kaufman. As such, this case is really in the same procedural posture as *People v Dixon,* 103 Mich App 518; 303 NW2d 32 (1980).

equivocally requested that he be allowed to withdraw his guilty plea. We agree that defendant did not ask to withdraw his guilty plea. However, on the facts of this case, this is immaterial. Based on the plea agreement put on the record, defendant had a right to expect that he would receive a sentence no greater than two to five years or to be informed by the trial court that the sentence arrangement worked out between Judge Kaufman and the attorneys would not be enforced.

Reversed and remanded to give defendant the opportunity to withdraw his guilty plea.