PEOPLE v RODRIQUEZ

Docket No. 58542. Submitted September 15, 1982, at Grand Rapids.—
Decided April 18, 1983.

Mario Rodriquez was convicted on his plea of guilty in Kalamazoo
Circuit Court, Charles H. Mullen, J., of first-degree criminal
sexual conduct. As part of the plea-bargain agreement, the
prosecutor agreed to recommend a sentence of from 10 to 15
years in prison. Between the date of the acceptance of the plea
and the date of sentencing, the trial judge talked with the
victim of the crime outside the presence of the defendant and
his counsel. The trial court, without informing the defendant
that he did not intend to follow the prosecutor's sentence
recommendation and without giving the defendant an opportu-
nity to withdraw his plea of guilty, sentenced defendant to a
prison term of from 20 to 30 years. Defendant appeals. *Held:*

1. The conference between the trial judge and the victim
between the time of the acceptance of the plea of guilty and
sentencing was not a critical stage of the proceedings at which
defendant must be present. While such an interview may not
be a wise practice, reversal is not mandated where, as here,
there is no indication that the substance of the statements by
the victim to the judge was any different from the substance of
the statements made by the defendant during the guilty plea
proceedings.

2. Since the trial court informed the defendant prior to
acceptance of the plea that the court was not bound by the
prosecutor's sentence recommendation and that the sentence
imposed would be determined by the court, the defendant
indicated that he understood, and the plea was taken prior to
January 11, 1983, no error resulted from the failure of the trial
court to inform the defendant prior to imposing sentence that

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 922.

[2] 21 Am Jur 2d, Criminal Law §§ 481, 504.
Right to withdraw guilty plea in state criminal proceeding where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.

[3] 21 Am Jur 2d, Criminal Law § 471.

the court did not find the recommended sentence appropriate and to afford the defendant the opportunity to withdraw his plea.

3. The record fails to support defendant's contention that, because of limited experience with the English language, his plea was involuntary.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE CONFERENCE — PRESENCE OF DEFENDANT.

A conference between the sentencing judge and the victim of criminal sexual conduct after the guilty plea based conviction of the defendant for first-degree criminal sexual conduct is not a critical stage of the proceedings at which the defendant is entitled to be present; while a post-conviction presentence interview of a victim by the sentencing court may not be a wise procedure, such an interview does not mandate reversal where there is no indication that the substance of the victim's statements to the sentencing judge was any different than what was told by the defendant to the court at the plea taking.

2. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINING — SENTENCE RECOMMENDATIONS.

A defendant should not be permitted to withdraw his plea of guilty after sentencing because the trial judge did not impose sentence in accordance with a prosecutor's recommendation pursuant to a plea bargain between the prosecutor and the defendant where, at the plea-taking proceeding, the trial judge specifically informed the defendant that the court is not bound by such recommendations, and the sentence imposed is to be determined by the court, the defendant stated that he understood, and the plea was taken prior to January 11, 1983.

3. CRIMINAL LAW — GUILTY PLEAS — INTERPRETERS.

A claim, raised for the first time on appeal, that a defendant spoke only a little bit of English and should have been furnished an interpreter at his guilty plea proceeding does not mandate reversal where a review of the guilty plea transcript does not indicate that the defendant was so lacking in the ability to understand and speak the English language as to make the defendant's plea involuntary.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prose-

cuting Attorney, and *Douglas E. Weldon,* Assistant Prosecuting Attorney, for the people.

*Marovich & Stroba* (by *Milton J. Marovich),* for defendant.

Before: Bronson, P.J., and Beasley and Cynar, JJ.

Beasley, J. Defendant, Mario Martinez Rodriquez, pled guilty to first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2). After being sentenced to not less than 20 years nor more than 30 years in prison, defendant appeals as of right.

First, defendant claims that it was error for the trial judge to interview the rape victim outside of the presence of the defendant and his counsel. Defendant argues that the *ex parte* interview conducted by the trial judge with the victim violated defendant's right to counsel, his right of allocution, his right to be confronted with the witnesses, and his right to be present at all critical stages of the proceedings.

Defendant claims that the informal conference between the trial judge and the victim was an important factor in the sentence that was subsequently imposed upon the defendant, in that the sentence recommended by the prosecutor was doubled. Defendant says that (1) sentencing information is always a critical stage of the proceedings, (2) correct facts are essential to the imposition of a valid sentence, and (3) at the very least, he was entitled to rebut whatever the victim might say relative to sentence.

The transcript indicates that after the plea was accepted and immediately before sentencing, the trial court said:

"*The Court:* I've talked to her. She asked to talk to me, and I talked to her. The last thing she thinks about at night and the first thing in the morning is the way you assaulted and beat her that night and the way you forced yourself on her in a sexual way."

A trial judge would not be expected to interview a victim (witness) in advance of a criminal trial, or in advance of a plea. However, a somewhat different question is presented where a trial judge talks to a victim relative to sentence after the acceptance of a plea of guilty. For example, until this Court's decision in *People v Oliver,*[1] it was generally accepted that a trial judge, in his role as an impartial umpire, could talk to the probation department concerning its presentence recommendation in an effort to become as fully acquainted as possible with a defendant who was about to be sentenced. It was believed that a sentence should be individualized and tailored to fit a particular defendant and the offense he committed.

In *People v Oliver, supra,* we held that it was error for the trial judge to hold a conference with a probation officer prior to sentencing where neither defendant nor his counsel was present. The reasoning was that this is a critical stage of the proceedings and that defendant and his counsel are entitled to be present.

In *People v Pulley,*[2] the Supreme Court said that it is improper and erroneous for a trial judge to talk to defense counsel without the defendant being present, unless the defendant expressly waives his right to be present. Two aspects of the

---

[1] 90 Mich App 144; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857 (1979).

[2] 411 Mich 523; 309 NW2d 170 (1981). The Court, in fact, affirmed defendant's conviction on the ground that defendant failed to show he was prejudiced (negatively) by his attorney's in-chambers discussion with the trial judge.

*Pulley* decision represent radical departures from established practice.

First, *Pulley* draws a line between a defendant and his counsel. It had been assumed that an attorney's ethical obligation of loyalty to his client made unnecessary an inquiry as to whether communication between the sentencing judge and defense counsel relative to a sentence was in a convicted felon's best interest. Second, *Pulley* establishes a new standard to decide whether communication between the trial judge and defense counsel relative to a sentence is to be prohibited unless defendant is present, namely, how does it look to the defendant.

Whether time proves the *Pulley* decision unwise, as many suspect will be the case, we must await further Supreme Court action in this area of criminal jurisprudence. In any event, we do not believe that *Pulley* or *Oliver* requires reversal in the instant case.

We do not believe that a conference between the sentencing judge and a rape victim *after conviction* is a critical stage of the proceedings at which the defendant is entitled to be present. It is more analogous to the situation where a probation officer interviews the rape victim and includes the information secured in the interview in his presentence report and recommendation.[3]

There is no indication that the victim told the judge anything different than what defendant told the court at the plea-taking proceeding. Before accepting the plea, the judge painstakingly advised defendant that he was charged with engaging in sexual penetration with the victim by force and that he "caused her some injury". Defendant told the court that he hit the victim in the face with

---

[3] *People v Billington,* 116 Mich App 220, 232; 323 NW2d 343 (1982).

his fist and that then she had sexual relations with him. Under these circumstances, while we would have doubts as to the wisdom of a post-conviction presentence interview of a rape victim by a sentencing judge, we decline to find reversible error.

Secondly, defendant argues that since the plea agreement was that the prosecutor would recommend to the trial court a sentence of not less than 10 nor more than 15 years in prison, the trial court was obliged to offer defendant the opportunity to withdraw his plea of guilty before imposition of a sentence which is more severe than that recommended by the prosecutor.

A review of the record discloses that the trial judge went into detail with defendant in advising him that he, the trial judge, was not bound by any recommendation the prosecutor might make regarding sentence and that the defendant expressed his understanding thereto.

In *People v Yates*[4] and *People v Lee Johnson*,[5] this Court held that where the trial court does not sentence the defendant in conformity with the prosecutor's sentence recommendation, the defendant should not be permitted to withdraw his guilty plea as long as: (1) the trial court specifically informed the defendant that it was not bound by the recommendation, (2) the court advised the defendant that the sentence imposed would be determined by the court, and (3) the record reflects that the defendant understood the trial court's admonitions.

[4] 99 Mich App 396, 398-399; 297 NW2d 680 (1980).

[5] 105 Mich App 614, 616-617; 307 NW2d 385 (1981). Accord *People v King,* 104 Mich App 459, 461-464; 304 NW2d 605 (1981); *People v Crabtree,* 112 Mich App 720, 722-723; 317 NW2d 537 (1982). Contra *People v Newsum,* 105 Mich App 755, 758; 307 NW2d 412 (1981); *People v Bahlhorn,* 105 Mich App 118, 120; 306 NW2d 416 (1981).

In the recently released opinion of *People v Killebrew,*[6] the Supreme Court held that the trial court must allow the defendant to withdraw or affirm his guilty plea if it decides not to impose sentence in accordance with the prosecutor's recommendation. However, on February 18, 1983, the Supreme court issued a clarification order in which it stated that the rules enunciated in *Killebrew* are to be applied only to cases where guilty pleas have been accepted after January 11, 1983.[7]

Inasmuch as defendant herein tendered his guilty plea on March 9, 1981, 22 months before the effective date of *Killebrew,* and the plea-taking transcript shows that defendant pled guilty with the knowledge that the trial court was not constricted by the prosecutor's sentence recommendation, we hold that defendant is not entitled to withdraw his guilty plea.

Third, and last, defendant claims that, since he spoke only "a little bit" of English, he should have been furnished an interpreter. This issue is raised for the first time on appeal. The transcript of the plea-taking proceeding does not indicate that defendant was so lacking in the ability to understand and speak the English language as to make his plea involuntary. We are satisfied from review of the transcript that defendant did understand what he was doing and what the trial judge was saying to him.

Affirmed.

[6] 416 Mich 189, 209-210; 330 NW2d 834 (1982).
[7] 416 Mich 215-216.