## PEOPLE v HARRIS

Docket No. 55671. Submitted March 4, 1982, at Grand Rapids.—
Decided May 21, 1982. Leave to appeal applied for.

Ivory Harris pled guilty in Kent Circuit Court to a charge of
felonious assault and was sentenced to two to four years in
prison, Stuart Hoffius, J. Defendant appeals, contending that
the trial court abused its discretion by refusing to allow him to
withdraw his plea of guilty prior to sentencing. *Held:*

The trial court created in the defendant a reasonable expec-
tation of a lesser sentence. This, coupled with defendant's
request to withdraw his plea prior to sentencing, is sufficient
reason to reverse the circuit court's denial of defendant's
motion to withdraw his guilty plea. Defendant's sentence is
vacated and the matter is remanded for a new trial.

Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

A trial court's denial of a defendant's motion to withdraw a
guilty plea prior to sentencing should be reversed, the defen-
dant's sentence vacated and the matter remanded for a new
trial where the trial court created in the defendant a reason-
able expectation of a lesser sentence than he actually received
and then denied his request to withdraw his plea prior to
sentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Carol S. Irons,* Chief Appel-
late Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 501, 502, 505.
* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam: Defendant pled guilty to felonious assault, MCL 750.82; MSA 28.277, on April 14, 1980. On May 27, 1980, he was sentenced to a two- to four-year prison term and he appeals as of right.

Defendant alleges the trial court abused its discretion by refusing to allow a withdrawal of his guilty plea prior to sentence. We agree.

At the plea hearing on April 14, 1980, the following discussion regarding sentencing occurred:

"*[Assistant Prosecutor]:* It is our further understanding the court has made concessions with respect to the consideration of the sentence in this case.

\* \* \*

"*The Court:* And I think I should inform you further that I have told your attorney that I would have no objection to bond being continued at this time, so you will be released while the court refers it to the probation department. Do you understand that?

"*The Defendant:* Yes, sir.

"*The Court:* And further, that the court would give consideration to imposing only a jail sentence on the case, but I will give consideration to it only. And I will give consideration to what disposition Judge Letts makes of his case [No. 79-24229-FY]. Do you understand that?

"*The Defendant:* Yes, sir.

"*The Court:* So the further discretion as far as sentence is concerned is with me, but I will give consideration to using only a jail sentence. Do you understand that fully?"

In the case before Judge Letts referred to above, defendant received a one-year jail sentence on May 19, 1980.

At the sentencing hearing in the instant case, held on May 27, 1980, the following occurred:

"*Mr. Jackson [defense counsel]:* Your Honor, I have had the occasion, prior to this date, to talk to Mr. Harris about the plea he entered before the court. It's my understanding he wishes to fire me or have me get off the case and withdraw his guilty plea and ask for a jury trial, and he can speak for himself.

"*The Court:* You read the presentence report?

"*Mr. Jackson:* Yes, your Honor.

"*The Court:* Is there anything you want to comment on that?

"*Mr. Jackson:* No, sir.

"*The Court:* You are Ivory Harris?

"*The Defendant:* Yes.

"*The Court:* Is there anything you would like to say?

"*The Defendant:* I would like to change my plea to not guilty.

"*The Court:* Mr. Harris, you were arrested on this charge and a complaint or warrant was out for you on November 7, 1979. You were arrested November 7, 1979. You had a preliminary examination on November 29, 1979. The case is up here in this court. A pretrial conference was set for March 14, 1980 and it was set for trial for April 14, 1980. On the day it was set for trial, and I am not sure whether the witnesses were here but I assume they were or it had been arranged that they would not be here only because of your plea, the court did accept your plea.

"It has now been a month and a half, from April 14 to May 27, and I feel that that is a matter of discretion with the court and we just cannot set aside a plea on the day that you come in for sentencing so I am going to deny your application to set aside the plea. Is there anything else you would like to say?

"*The Defendant:* No, sir."

This Court is divided over the issue of whether a judge must grant a defendant's request to withdraw a guilty plea when the prosecution's sentence recommendation, bargained for by the defendant, is not followed. In *People v Yates,* 99 Mich App 396; 297 NW2d 680 (1980), the defendant was told

by the trial judge that the court was not bound by the sentence recommendation and defendant acknowledged that he understood. Defendant was not allowed to withdraw his plea. *People v Bahlhorn,* 105 Mich App 118; 306 NW2d 416 (1981), was resolved in favor of allowing the plea to be withdrawn even though the judge cautioned the defendant that he was not bound by the prosecutor's recommendation.

The sentence expectations in *Yates* and *Bahlhorn* stemmed from the prosecutor's sentence concessions to the defendants. Here the trial judge raised in the mind of defendant the hope or expectation of a jail, rather than a prison, sentence. Additionally, the trial judge indicated he would consider what sentence would be given by a judge in another matter.

Because of defendant's reasonable expectation of a lesser sentence created by the court, coupled with his request to withdraw his plea prior to sentence, the denial of defendant's request to withdraw the guilty plea is reversed, his sentence is vacated and this matter is remanded for a new trial.

Reversed and remanded.